## GRIFFITH vs. WELLS.

Where a statute inflicts a penalty for doing an act, such act is unlawful, though not in terms prohibited or declared to be illegal.

Where, however, a statute for the sole purpose of revenue, requires a license for carrying on a particular trade, and inflicts a penalty to secure the payment of the license money, a sale without a license in the course of that business would, it seems, be valid. *Per* BRONSON, C. J.

But if the statute has in view the protection of the public health or morals, or the prevention of frauds by the seller, though it go no further than to inflict a penalty, a contract in violation of the statute is void.

The excise law of this state is not a mere revenue act, but is intended as a protection against the consequences of an unlimited traffic in strong liquor.

Accordingly, *held* that one who sells liquor without a license, in violation of the excise law, cannot recover against the purchaser.

ERROR to Oneida C. P. Griffith sued Wells before a justice of the peace in December, 1843, and declared in assumpsit for two half gallons of whiskey and two glasses of beer, sold and delivered to the defendant, of the value of three shillings and six pence. The plaintiff, who was a grocer, proved his declaration. The defence was, that the plaintiff sold the liquor without having a license to sell spirituous liquors. The justice gave judgment for the plaintiff for 44 cents damages, besides costs. On certiorari, the C. P. reversed the judgment, on the ground that the plaintiff did not show a license to sell spirituous liquors. The plaintiff brings error.

*J. Benedict,* for the plaintiff in error, cited 11 *East,* 180; *Comyn on Cont.* 217, *ed. of* 1835; 10 *B. & C.* 95; 1 *R. S.* 680, § 15.

*S. H. Stafford,* for the defendant in error, cited *Chitty Cont.* 419, 694, *ed. of* '42; 14 *Mass.* 322; 15 *id.* 35; 17 *id.* 258; 14 *John.* 146; 19 *Wend.* 361.

*By the Court,* BRONSON, Ch. J. Our excise law does not, in terms, prohibit the sale of strong or spirituous liquors without a

license, nor declare the act illegal; but only inflicts a penalty upon the offender. (2 *R. S.* 680, §§ 15, 16.) From this it is argued, that although the seller without a license incurs a penalty, the contract of sale is valid, and may be enforced by action. But it was laid down long ago, that " where a statute inflicts a penalty for doing an act, though the act be not prohibited, yet the thing is unlawful; for it cannot be intended that a statute would inflict a penalty for a lawful act." (*Bartlett* v. *Viner, Skin.* 322.) In the report of the same case in *Carthew*, (*p.* 252,) Holt, Ch. J. said, "a penalty implies a prohibition, though there are no prohibitory words in the statute." Although this was but a *dictum*, the doctrine has been fully approved. (*De Begnis* v. *Armistead*, 10 *Bing.* 107; *Foster* v. *Taylor*, 3 *Nev. & Man.* 244; 5 *B. & Ad.* 887, *S. C. by the name of Foster; Cope* v. *Rowlands*, 2 *M. & W.* 149; *Mitchell* v. *Smith*, 1 *Bin.* 110; 4 *Dall.* 269, *S. C.; Leidenbender* v. *Charles*, 4 *Serg. & Rawle*, 159, *per Tilghman, Ch. J.; Springfield Bank* v. *Merrick*, 14 *Mass.* 322.) When a license to carry on a particular trade is required for the sole purpose of raising revenue, and the statute only inflicts a penalty by way of securing payment of the license money, it may be that a sale without a license would be valid. (*Johnson* v. *Hudson*, 11 *East*, 180; *Brown* v. *Duncan*, 10 *Barn. & Cress.* 93; *Chitty on Cont.* 419, 697, *ed. of* 1842.) But if the statute looks beyond the question of revenue, and has in view the protection of the public health or morals, or the prevention of frauds by the seller, then, though there be nothing but a penalty, a contract which infringes the statute cannot be supported. (*Law* v. *Hodgson*, 2 *Camp.* 147; *Brown* v. *Duncan*, 10 *B. & C.* 93; *Foster* v. *Taylor*, 3 *Nev. & Man.* 244; 5 *B. & Ad.* 887, *S. C.; Little* v. *Poole*, 9 *B. & C.* 192; *Tyson* v. *Thomas, McClel. & Younge*, 119; *Wheeler* v. *Russell*, 17 *Mass.* 258; *Bensley* v. *Bignold*, 5 *B. & Ald.* 335; *Drury* v. *Defontaine*, 1 *Taunt.* 136, *per Mansfield, Ch. J.; Cope* v. *Rowlands*, 2 *M. & W.* 149; *Houston* v. *Mills*, 1 *Moor dy & Rob.* 325) Now I think it quite clear, that in the enactment of our excise law the legislature looked beyond the mere question of revenue, and intended to prevent some of the evils

which are so likely to flow from the traffic in spirituous liquors. If revenue alone had been the object, licenses would have been allowed indiscriminately to all. But the statute forbids a license to any one, whether tavern-keeper or grocer, who is not of good moral character; and he must moreover give bond, with sureties, that his house or grocery shall not become disorderly. (§§ 6, 7, 13.) These regulations were evidently intended to protect the public, in some degree, against the consequences which might be expected to follow from allowing all persons, at their pleasure, to deal in strong liquors. And although the statute only inflicts a penalty for selling without a license, the contract is illegal, and no action will lie to enforce it. The justice was wrong; and his judgment has been properly reversed by the common pleas.

Judgment affirmed.