## WILLIAM K. HALL *v.* ALBERT D. BISHOP.

Where a statute enacts, for the purpose of securing a more effectual compliance with its requirements in respect to the licensing of certain occupations, that no one shall engage in or carry on any such occupation, until he shall have obtained a license as provided by the statute, it is an express prohibition without more particular words :

*Held,* therefore, that a lawyer, who has not obtained a license, as required by the Internal Revenue act of the United States Congress, cannot recover for professional services rendered since the passage of the act, and a contract made by him to render such services is absolutely void.

APPEAL by the defendant from a judgment entered on the report of a referee.

The action was brought to recover for certain legal services rendered by the plaintiff under an agreement with the defendant.

The complainant alleged in substance that the plaintiff was an attorney and counsellor, and as such rendered certain legal services for defendant at the latter's request, between the 1st of February and the 1st of October, 1863 ; that in August, 1864, it was agreed between plaintiff and defendant, that in consideration of the services so rendered by plaintiff to defendant, and in consideration of certain services to be rendered by plaintiff for and towards the formation of a certain corporation, he, defendant, would assign to the plaintiff one-twentieth of all shares to which defendant should become entitled in the corporation ; that plaintiff rendered said services ; that defendant became entitled to 312 shares in the corporation, and that although the plaintiff had demanded one-twentieth of said shares, defendant had failed to deliver them, &c.

The answer denied "each and every material allegation," and sets up several counter-claims (none of which were attempted to be proved upon the trial), and alleged "on information and belief, that the plaintiff was not, during the several times in the complaint mentioned, duly licensed to practice as an attorney pursuant to the Act of Congress of the United States in that case made and provided."

The action was referred to Joseph J. Marrin, Esq., as sole referee. On the trial of the action, the defendant sought to introduce testimony to show that the plaintiff had not been duly licensed as an attorney under the Act of Congress. This evidence was ruled out, and the referee gave judgment for the plaintiff for an amount equal to the cash value of the shares alleged to be due him in the complaint.

From the judgment entered on this decision the defendant appealed to the general term.

*John Townshend*, for appellant.

I. The Act of Congress of 30th June, 1864, section 79, provided for the payment of an annual license fee, and by sub-division 43 of that section, fixed the license fee for lawyers at ten dollars, and then provides : Every person who for fee or reward shall prosecute or defend causes in any court of record or other judicial tribunal of the United States, or of any of the States, *or give legal advice in relation to any cause or matter whatever*, shall be deemed to be a lawyer within the meaning of this act ; and section 71 provides that no person shall be engaged in, prosecute, or carry on any trade, business or profession therein mentioned (which includes lawyers), until he shall have obtained a license therefor ; and section 73 makes the carrying on any such trade without a license a penal offence.

II. Every contract made for or about any matter or thing which is prohibited and made unlawful by any statute, is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty upon the offender, because a penalty implies a prohibition, though there is no prohibitory word in the statute (*Bartlett* v. *Viner*, Carthew, 252 ; *Drury* v. *Defontaine*, 1 Taunt. 136 ; *Hallett* v. *Novion*, 14 Johns. 273 ; *Cope* v. *Rowland*, 2 Mees. & W. 149 ; *Best* v. *Bauder*, 29 How. Pr. 489 ; *Griffith* v. *Wells*, 3 Denio, 226. See *Barton* v. *Port Jackson Plank Road Co.*, 17 Barb. 397 ; *Seneca Co. Bank* v. *Lamb*, 26 *id.* 595 ; *Bell* v. *Quinn*, 2 Sandf. 146).

III. The practicing without a license being prohibited, it is

immaterial whether the license was for mere purposes of revenue or otherwise (*Smith* v. *Mawhood*, 14 Mees. & W. 464).

IV. Where there are two considerations to a contract, if either is unlawful, the contract is void, so that supposing the services rendered by the plaintiff in 1863, were a consideration for the defendant's promise, which they were not, the services rendered after August, 1864, being illegal, the whole contract was void (*Barton* v. *Port Jackson Plank Road Co.*, 17 Barb. 397; 1 Parson's on Contracts, 380).

*M. L. Townsend*, for respondent.

I. It was necessary for the plaintiff, in order to maintain this action, that he should have had a license as a *lawyer* at the time of rendering the services.   (1.) The act of 1862, sec. 64, sub. 31, defines a *lawyer* as follows: "Every person whose business it is, for fee or reward, to prosecute or defend causes in any Court of Record or other judicial tribunal of the United States, or of any of the States, or give advice in relation to causes or matters pending therein, shall be deemed a lawyer."

The amendment of June 30th, 1864, added the following words to the definition : " Or whose business it is to give *legal* advice in relation to any cause or matter whatever."

(2.) All the plaintiff's services, except those in relation to the formation of a Derrick Company, were rendered in the spring and summer of 1863, and none of them related to the prosecution or defence of any cause in any court, nor to the giving of advice in relation to any cause or matter pending therein, but consisted of interviews by plaintiff with the navy agent, and Jackson Brothers, iron founders, and correspondence in respect to recovering defendant's share of $5,000 from the government for building a derrick at the Navy Yard, Brooklyn; counseling the defendant respecting his contract with Jackson, and notifying the Jacksons that the derrick would be completed at their expense, and advising concerning the revocation of Jackson's power of attorney, and notifying Jackson and the navy agent of the revocation and giving advice to defendant respecting an agreement between him and

Mr. Howard, and seeing Holden several times in relation to furnishing iron for the derrick.

II. All the other services of the plaintiff for which this action was brought, were rendered in August, 1864; and consisted in organizing a company known as the "Bishop Derrick and Elevator Company," and were rendered under and in pursuance of an agreement with the defendant, by which the defendant agreed to pay the plaintiff for the services already rendered in 1863, and the services to be rendered in organizing said company, five per cent. of the shares of stock in said company which the defendant should become entitled to.

The services rendered by the plaintiff did not constitute "*legal advice*," within the meaning of the act of June 30th, 1864; much less did they constitute "prosecuting or defending causes in a court of record, or giving advice in relation to cause pending therein," under the act of 1862.

By the Court.—DALY, F. J.—Two questions arise upon this appeal. The first is whether a lawyer who has not obtained a license as required by the revenue act of the United States (12 U. S. Statute at Large, p. 453, § 57, p. 459, § 64, s. d. 31) can recover for professional services rendered after the passage of the act.

Where a statute enacts as one of the means of raising a revenue, that those engaged in a particular occupation shall take out a license and pay a certain sum of it, or be subject to the payment of a greater sum, by way of penalty, for neglecting to do so, the only consequence that follows the neglect or omission is the liability to the penalty (*Johnson* v. *Hudson*, 11 East, 180 ; *Foster* v. *Taylor*, 5 B. & Ald. 898 ; *Witherall* v. *Jones*, 3 *id.* 221 ; *Brown* v. *Duncan*, 10 B. & Cress. 93 ; *Cope* v. *Rowland*, 2 Mees. & Welsb. 158 ; *Smith* v. *Mawhood*, 14 *id.* 452), for there the penalty is imposed only for the purpose of securing the payment of the amount required for the taking out of the license (*Griffith* v. *Wells*, 3 Denio, 227). But where the object of requiring that a license shall be obtained is to limit the pursuit of certain callings to those who are declared duly qualified by the granting to them of a license, then the penalty

Hall v. Bishop.

implies a prohibition against engaging in that pursuit unless a license is procured (*Bartlett* v. *Viner*, Carthew, p. 252 ; Skin, p. 322 ; *De Begnis* v. *Armistead*, 10 Bing. 107 ; *Forster* v. *Taylor*, 5 B. & Adol. 887) ; or where, for the purpose of securing a more effectual compliance with the requirements of a revenue law, it is enacted that no one shall engage in or carry on a particular occupation, until he shall have obtained a license as provided for in the act, it is an express prohibition, and in the language of Chief Justice Holt, in *Bartlett* v. *Viner* (*supra*), " every contract made for or about any matter or thing which is prohibited and made unlawful by statute, is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, though there are no prohibitory words in the statute." (See to the same effect, *Mitchell* v. *Smith*, 4 Dallas, p. 269 ; 1 Binn. 110 ; *Griffith* v. *Wells*, 3 Denio, 226 ; *Smith* v. *Mawhood*, 14 Mees. & Welsb. 463 ; *Best* v. *Bauder*, 29 How. 489.) The revenue act of 1862 provides that those engaged in certain trades or occupation shall obtain a license under the act. Lawyers are among the persons or classes embraced. They are required to pay the sum of ten dollars for a license, and there is a general provision that no person shall engage in, prosecute, or carry on any of the trades or occupations enumerated in the act, until he shall have obtained a license therefor in the manner provided.

The act of 1862 declares who shall be deemed a lawyer within the meaning of the statute in these words : " Every person whose business it is for fee or reward to prosecute or defend causes in any court of record, or other judicial tribunal of the United States, or of any of the States, or give advice in relation to causes or matter pending therein."

After the passing of this act, the plaintiff rendered professional services for the defendant, which were not of the character above stated. They were not rendered in the prosecution or defence of any cause in a court of record, nor did they consist in the giving of advice in relation to any cause pending in a court. There was, consequently, nothing in the act of 1862 to prevent the plaintiff from recovering for these services. But

after these services were rendered, the revenue law was amended by the act of the 30th of March, 1864 (Laws of the U. S. for 1863 and 1864, p. 267), by substituting for the previous provision in relation to the giving of advice the following and more enlarged clause: " or give legal advice in relation to any cause or *matter whatever.*" And after the passage of this amendatory act, the plaintiff, in August, 1864, made an agreement with the defendant to organize a mechanical corporation, under the general act of the State, which consisted in drawing all the papers and rendering all the legal advice requisite, or, as the plaintiff calls it, counsel, and doing other acts necessary for the formation of the company, for which, and the *prior* services before referred to, the defendant agreed to give the plaintiff the one-twentieth part of the shares which the defendant was to have in the company.

The defendant offered evidence to show that the plaintiff had not obtained a license as required by the revenue law. The referee ruled it out as immaterial, but has found, as matter of fact, that the plaintiff had not, up to the commencement of the action, obtained any license required by the act of Congress, and this being conceded, the remaining question is, whether this contract, or any part of it, can be enforced.

In my judgment the whole contract is absolutely void. It was not in the plaintiff's power, without a license, after the passage of the amendatory act of 1864, to carry on the business of giving legal advice in relation to any matter whatever, and that this was a contract made in the prosecution of such a business, and, therefore, void, is obvious from the plaintiff's own statement, that he rendered under it all the counsel necessary for the formation of the company, and from the averment in his complaint that he was to draw all papers and writings, and give all counsel and *advice* requisite and necessary for the formation of a corporation under the laws of this State, coupled as it is with the previous averment that he was an attorney and counsellor at law, duly admitted to practice in all the courts of this State.

A part of the consideration of this contract was the legal service which the plaintiff had rendered previous to the passage

Hall v. Bishop.

of the amendatory act of 1864. As I have remarked before, there was nothing in the act of Congress to preclude him from performing services of this description at the time when they were rendered, or which would prevent him from recovering in an action at law what they are usually worth. But a recovery for them cannot be sustained either upon the complaint or upon the evidence in this action. The complaint is upon a special contract. It is to recover damages for the breach of such a contract in the refusal of the defendant to transfer and deliver to the plaintiff the twentieth part of the shares to which the defendant was entitled in the corporation, and the only measure of damages in such a case is the value of the shares which the defendant was to transfer, at the time when they were to be delivered. It is impossible to separate from it the services which were rendered prior to 1864, as there is no averment and no proof in the case of the specific value of these services. If there was anything in the evidence showing the value of these services, it would be in our power, treating the special contract as void, to conform the pleadings to the proof, and sustain the judgment, upon an implied contract for the amount which these services were reasonably worth, which we would certainly do in furtherance of justice. But as the case comes before us, both upon the pleadings and the proof, it is a judgment for a breach of a special contract, which, as an entirety, cannot be enforced, and the past consideration which entered into and formed a part of it, cannot be severed from it and treated as an implied contract in the absence of any proof as to the amount or value of the consideration. The report will have to be set aside and the judgment reversed; but as to the plaintiff, should he now bring an action to recover for the services prior to 1864, might be met by the plea of the statute of limitations; we think it but just to reverse the judgment, and set aside the report without prejudice to the plaintiff's right to move to amend his complaint, and give evidence of an implied contract instead of resorting to another action.

Judgment reversed and report set aside, but without prejudice to the plaintiff to move to amend the complaint.