# CITY OF CHICAGO
## v.
## MARY LOUISE HONEY.

1. NEGLIGENCE—DAMAGES—COST OF BEING CURED.—In an action against the city of Chicago for damages arising from the negligence of the city, the plaintiff was allowed to recover, as an element of damages, money paid for medical services, etc. *Held,* That in order to recover for medical attendance, etc., the plaintiff must show the amount of money actually paid, or that she had become legally liable to pay a certain sum therefor.

2. PHYSICIAN'S FEES.—The plaintiff could not be made legally liable to pay for services rendered by an unlicensed physician, and hence could not recover in this case for money paid or agreed to be paid such physician.

3. UNLICENSED PHYSICIAN.—A physician who had not been in practice in this State for ten years before the passage of the act relating to physicians, requiring an examination before the State board of health, or a diploma from some medical college, can not recover for fees as physician or surgeon.

APPEAL from the Circuit Court of Cook county.  Opinion filed March 7, 1882.

Mr. JULIUS S. GRINNELL, for appellant; arguing that the allegation must be broad enough to let in the proof, and that evidence not supported by allegation will not sustain a verdict, cited Hilliard's Remedies for Torts, 242; Stephens on Pleading, 85; Bloomington v. Goodrich, 88 Ill. 558; Gavin v. Chicago, 97 Ill. 66.

Appellant was only bound to use reasonable care and diligence in keeping the sidewalk in a reasonably safe condition: Joliet v. Walker, 7 Bradwell, 270; Chicago v. Watson, 6 Bradwell, 348; Peru v. French, 55 Ill. 317; Chicago v. Bixby, 84 Ill. 85; Chicago v. McGiven, 47 Ill. 347.

There was no evidence that appellee paid anything for medicine and medical care, and the instruction on this point was misleading and erroneous :  Chicago v. Watson, 6 Bradwell, 348; Bradley v. Parks, 83 Ill. 169; Herrick v. Gary, 83 Ill. 85; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309; Freeport v. Isbell, 83 Ill. 440.

The damages were excessive : City of Decatur v. Fisher, 53 Ill. 407; Chicago v. Martin, 49 Ill. 241; C. B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373; Chicago v. Kelly, 69 Ill. 475; C. R. I. & P. R. R. Co. v. McKittrick, 78 Ill. 619; Kolb v. O'Brien, 86 Ill. 210; C. R. I. & P. R. R. Co. v. Payzant, 87 Ill. 125; Chicago West Div. R'y Co. v. Hugh, 87 Ill. 94.

Messrs. STILES & LEWIS, for appellee; as to the duty of a municipality in the care of its sidewalks, cited Chicago v. McGiven, 78 Ill. 347; Chicago v. Bixby, 84 Ill. 82; Chicago v. Fowler, 60 Ill. 322.

That the damages are not excessive: C. R. I. & P. R. R. Co. v. Otto, 52 Ill. 416; P. C. & St. L. R'y Co. v. Thompson, 56 Ill. 138; Ill. Cent. R. R. Co. v. Parks, 88 Ill. 373; Ottawa v. Sweely, 65 Ill. 434; Hayward v. Merrill, 94 Ill. 349; R. R. Co. v. Dryadale, 51 Ga. 644.

McALLISTER, J.    This action was brought in the court below by appellee, Mary Louise Honey, against appellant, the city of Chicago, to recover damages for personal injury received by plaintiff in consequence of a portion of a sidewalk in one of the streets of said city being in a defective and unsafe condition. There was a trial upon the plea of general issue, resulting in a verdict for plaintiff, and assessing her damages at three thousand dollars. The defendant made a motion for a new trial upon the specific ground, among others, that the damages were excessive; but the court overruled the motion, and gave judgment on the verdict. Upon bill of exceptions being filed, the defendant brings the record to this court for revision, assigning various errors, including that of overruling its motion for new trial, and that the damages were excessive.

After careful examination of the record, and consideration of the points made, we are of opinion that the plaintiff's evidence fairly tended to support her cause of action as set out in the declaration; and no testimony having been offered by defendant, such evidence for plaintiff was sufficient to warrant a verdict in her favor for substantial damages. And that being the case, we are further of the opinion that no error in the in-

City of Chicago v. Honey.

structions to the jury, given on behalf of plaintiff, could be regarded as prejudicial to the defendant, except it related to the question of damages.

The evidence shows that August 18, 1879, the plaintiff went after a physician about midnight, and while passing along the north side of west Monroe street, upon the sidewalk a little west of Center avenue, there being one or two planks gone out of the sidewalk, she fell in the space thus made, whereby both her knees were bruised, and the muscles in her left knee and ankle were quite severely sprained; but she, nevertheless, completed her errand, and endeavored, with much pain and difficulty, to continue with her duties as nurse; and the second week in September, being a teacher, she attempted to assume her duties as such, but her limb became so lame and painful that she was obliged to give it up, and was then confined to her room for three months.

One Plymman Hays was called to treat her as a surgeon the next day after the accident, and continued from time to time, until, as he testified, his charges amounted to about three hundred and thirty dollars. This attendant took her to Dr. Roswell A. Parke, who examined her case, for which he charged fifteen dollars. This was the only medical attendance, and it affirmatively appears that the plaintiff had, at the time of the trial, paid no part of either of said bills. At the request of plaintiff's counsel, the court gave the jury the following instruction:

"The jury are instructed that if they find the defendant guilty, they should assess the plaintiff's damages at such sum as they shall believe, from the evidence, will be fair compensation for the injuries sustained by her, by reason of the alleged accident, for the pain and suffering resulting therefrom, and for moneys necessarily expended by her for medicines, medical attendance, and nursing, if any, in and about being cured of her said injuries."

This instruction, the city attorney insists, is erroneous; not on the ground that it improperly assumes that the plaintiff had expended moneys for medical attendance and nursing, as was the case in White v. Murtland, 71 Ill. 268; but because it submits to the jury to find the fact that she had expended

money for medical attendance and nursing, when there was no evidence in the case tending to prove such facts.

It has been so often and so emphatically decided in this State that it is error to submit a material fact to the consideration of the jury, when there is no evidence in support of such fact, that it would seem like an implied reproach to the intelligence of the bar, to take the trouble of sustaining the assertion by citing the cases, and we shall not do so.

The expression in the instruction, " moneys necessarily expended by her for medicines, medical attendance and nursing," if taken in its ordinary, usual sense, would imply and mean moneys actually paid out for those objects. Being so taken, there was no evidence tending to support the fact thus submitted. There was not only no evidence that she had so expended or paid out any money, except a trifling sum for medicines, but there was affirmative evidence that she had paid none for medical attendance or nursing. None having been actually paid by her, was there evidence in support of what has sometimes been regarded as an equivalent for such payment? In Dixon v. Bell, 1 Starkie's R. 287, which was an action by plaintiff to recover for personal injuries to his infant son, Lord Ellenborough, in advising the jury as to the measure of damages which they were to give, in case they deemed the plaintiff entitled to a verdict, " informed them that with respect to two items which it had appeared in evidence were due as fees to a physician and surgeon, who had attended plaintiff's son (but who had not yet been paid), that as to the surgeon's bill, they were to consider the amount as paid by the plaintiff, since the surgeon could compel the payment of it, as a legal debt, but that the physician's fees could not be taken into the account, since they had not been actually paid, and he could not enforce the payment by action."

Now, as respects the question of moneys expended by plaintiff for nursing, there is neither evidence of any having been paid, or tending to show any legal debt therefor, in any amount which plaintiff could be compelled to pay. As respects the physician's fees, it appearing that she had not actually paid any, she was then subject to the burden of proving what might

be considered as an equivalent, by showing that there was a legal debt against her for such fees which she could be compelled to pay. There was no evidence that either of the physicians had practiced medicine within this State for a period of ten years prior to July 1, 1877, or that either was qualified to practice medicine in this State, within the provisions of the act entitled " An act to regulate the practice of medicine in the State of Illinois," and which went into force the 1st of July, 1877, although both had publicly professed to be physicians.

The first section of that act declares: "That every person practicing medicine, in any of its departments, shall possess the qualifications required by this act." This section, then, in substance, provides that if a person be a graduate in medicine he shall present his diploma to the State board of health or board of examiners, for verification as to its genuineness; if such diploma be found genuine, and the person presenting it to be the real person named therein, then the board shall issue a certificate, to be signed by all its members, and such certificate and diploma shall be conclusive as to the right of the lawful holder thereof to practice medicine in this State. If the person be not a graduate and practicing medicine in this State, he must present himself to such board for examination; if that be satisfactory, the board shall issue its certificate in accordance with the facts, which shall entitle the holder to the same rights as above.

The fifth provides that the examination of all persons not licentiates or graduates, shall be directed by the board, and that the certificate shall authorize the possessor to practice medicine or surgery in this State. Section 6 requires every person holding such certificate to have it recorded in the office of the clerk of the county, and section 7 requires the county clerk to keep, in a book, a complete list of the certificates to be recorded by him, which shall be open to public inspection during business hours. Section 11 defines who is to be regarded as practicing medicine within the meaning of the act, and it is any person who shall profess publicly to be a physician, and to prescribe for the sick, or who appends the letters " M. D." to his name. But says, " nothing in this act shall be

construed to prohibit students from prescribing, under the supervision of preceptors, or to prohibit gratuitous services in cases of emergency." Section 13 declares that "Any person practicing medicine or surgery in this State, without complying with the provisions of this act, shall be punished," etc., prescribing fine and imprisonment.

The act has this proviso: "Provided that the provisions of this act shall not apply to those that have been practicing medicine ten years within this State."

This statute imperatively requires every person practicing medicine in any of its departments, who had not been practicing in this State ten years prior to the time the act went into effect, to do particular things, as a pre-requisite to his legal right to do so, which requirement is enforced by severe penal sanctions. It follows, therefore, that no person falling within the provisions of the act, who has failed to comply, can maintain any action for fees or services as a physician or surgeon. Bensley v. Bignold, 5 Barnwell and Ald. 335; Cundull v. Dawson, 4 C. B. (56 E. C. L.) 376; Sedg. on Construction of Stat. etc. 2nd Ed. J. 71.

No matter what private views may be entertained as to the actual motives dictating the passage of that act, the courts are bound to assume that this statute has in view the protection of the public health and morals, as well as the prevention of fraud and imposition; and when these objects are considered in connection with the peculiar provisions of the act, we are inclined to hold, upon principles recognized in analogous cases, that a physician who is shown not to have been practicing as such in this State for a period of ten years before the statute took effect, must, in order to recover for his fees or services as a physician or surgeon, show that he was qualified to practice as required by the statute. Ehel v. Smith, 3 Caine's R. 187; Solomon v. Dreschler, 4 Minn. 278; Griffith v. Wells, 3 Denio, 226; Kane v. Johnson, 9 Bosworth, 154; Lord v. Jones, 24 Maine, 439; Stanwood v. Woodward, 38 Id. 192; Bliss v. Brainard, 41 New H. 256.

It affirmatively appeared on the trial, that Dr. Hays had been practicing only about seven years, when the act took effect.

He was, therefore, within its provisions.   His bill amounted to three hundred and thirty dollars.   It must be borne in mind that the plaintiff had the burden of proof.   Her proof shows that she had paid no part of this bill or that of Dr. Parke.   She was then required to show that which would be an equivalent to the actual payment of these bills, viz.: that they were a legal debt which she would be compelled to pay.   This she failed to do, at least so far as concerns the bill of Dr. Hays. From the amount of the verdict, the jury must have allowed both the physician's bills and a large amount as expense of being nursed.   There was no sufficient evidence to justify the allowance of those bills as part of plaintiff's damages, actual or inevitable.

We are of opinion that the damages in this case were excessive.   Under the rulings of the Supreme Court we think that position is demonstrable from this record.   But inasmuch as the case must be re-tried anyway, we shall not enter into the discussion as to the excessiveness of the verdict.

The judgment of the court below will be reversed and cause remanded.

Reversed and remanded.