HENRY *et al. v.* LYNCH *et al.*

(*Common Pleas of New York City and County, Special Term.* June 28, 1888.)

LIMITATION OF ACTIONS—SUMMONS AS TO ONE OF SEVERAL DEFENDANTS—EFFECT.

Plaintiffs, subcontractors under one having a contract for work with the city of New York, brought suit to obtain the benefit of a mechanic's lien in accordance with the provisions of the consolidation act, making the contractor, the city, and the assignee of the contractor's claim against the city, defendants. Neither the city nor the contractor was served with process until after the expiration of the 90 days from the filing of the lien given by the act for bringing suits in such cases. *Held,* that the service on the assignee within the prescribed time was not sufficient to prevent the running of the statute of limitations.

On motion to dismiss complaint.

Action by Michael Henry and another against Edward N. Lynch, the city of New York, and Bernard Mahon, to foreclose a mechanic's lien against the city. Plaintiffs were subcontractors under Lynch, who held a contract from the city for work, and filed their liens October 26 and 27, 1887. Mahon was made a party defendant, because he held an assignment by Lynch of the money due by the contract. Process was served on Mahon January 23, 1888, and on Lynch and the city March 22d and April 25th, respectively.

*Rabe & Kellar,* for plaintiffs. *L. Laflin Kellogg,* for defendant Mahon. *Arthur H. Smith,* for defendant Lynch. *Woolsey Carmalt,* for defendant the city of New York.

VAN HOESEN, J. The mechanic's lien law that applies to this case is to be found in sections 1824, 1838, of the consolidation act. Lynch had a contract with the city of New York for doing certain public work for the city. The plaintiffs had a contract with Lynch, and were, with respect to the city, subcontractors. They filed liens the 26th and 29th of October, 1887, claiming Lynch was indebted to them. Lynch assigned to Bernard Mahon his claim against the city for moneys payable under his contract with the municipality. The plaintiffs, in January, 1888, began suit for the foreclosure of their liens. Their right of action was (1) against Lynch, and (2) against the city; they claiming, under the lien law, access to the money which the city owed to Lynch. Mahon was made a defendant, because he held an assignment, made by Lynch, of the latter's claim against the city, and it was necessary for the plaintiffs to procure an adjudication that their rights were paramount to that assignment. The city was adverse in interest to Lynch and Mahon, and Mahon was adverse in interest to Lynch, because it was for the advantage of the city to defeat or reduce the claim made by the contractor, and for the advantage of Mahon to maintain his right to the moneys which Lynch assigned to him. Of course, it may well be that the city actually conceded the validity of the claim made by Lynch, and that Lynch conceded that Mahon had all the rights that the assignment purported to convey; but, nevertheless, the parties were, in contemplation of law, adverse in interest, and not united in interest. The contest of the plaintiffs with Mahon could not arise until it had been shown that the city was actually indebted to Lynch, for if Lynch had no valid claim against the city, his assignment to Mahon amounted to nothing. Such being Mahon's position, I think that the service of a summons upon him cannot be regarded as the commencement of the action against Lynch, or against the city. The plaintiffs' claim was not against Mahon, but he was joined merely to remove an obstacle to their reaching their claim against Lynch and Lynch's supposed debtor, the city. Mahon's position is not unlike that of a judgment creditor of a mortgagor, who might be joined as a defendant in an

action of foreclosure. If the summons should not be served on the mortgagor until the action was barred as against him by the statute of limitations, would it be contended that the case was taken out of the statute by proof that the judgment creditor in question had been served before the statute had.run? As neither Lynch nor the city was served within 90 days from the filing of the lien, this action cannot be maintained. No costs against plaintiffs.