## MORAN *v.* MURRAY HILL BANK *et al.*

### *(Superior Court of New York City, General Term. May 5, 1890.)*

1. MECHANICS' LIENS—ASSIGNMENT—MATERIAL-MEN.

A contract for the erection of a building provided that the owner should deduct from the moneys otherwise due thereunder the amount which might be allowed to lienholders prior to the discharge of the notices of lien in one of the ways provided by law. The contractor obtained a loan from a bank, and assigned to it an equivalent amount of the money due or to grow due under the contract. Subsequently, in consideration of work and materials furnished the buildings, he assigned another portion of the moneys due or to become due under the contract to one T., subject to the prior transfer to the bank. *Held* that, it not appearing that the assignment to T. was accepted as a payment of the indebtedness, there was no waiver by T. of his right to file a lien for the same work and materials.

2. SAME—FORECLOSURE.

Laws N. Y. 1882, c. 410, § 1830, (consolidation act,) providing that, in actions to foreclose a mechanic's lien, "all parties who have filed claims under this title may, by answer in such action, set forth the same," does not confer upon a subcontractor the right to set up his lien in an action prior to the commencement of which no claim had been filed by him.

Appeal from a judgment on report of referee.

Action by Dennis W. Moran against the Murray Hill Bank and others to foreclose a mechanic's lien under the cities act, (Laws N. Y. 1878, c. 315.) Plaintiff, who furnished materials to James Duffy, filed a mechanic's lien against money owing by the city of New York to Duffy. The contract upon which the moneys became due was made by the city with Duffy, and provided for the erection of a building for the fire department. There was admitted to be due upon the contract $12,516.73. On December 3, 1886, Duffy, in consideration of $6,000 advanced to him, assigned to defendant bank $6,000 due or to grow due under the contract. Subsequently, and in consideration of work and materials furnished the buildings, Duffy made an assignment to defendant Lewis C. Tufts, of $5,000, due or to accrue on the same contract, subject to the transfer already made to the bank. Defendants Tufts, McCandee & Smith, and McShane & Co., and others, also filed liens against the fund. The action was referred. At the opening and close of his case, Tufts claimed both upon his assignment and upon the lien which he filed, and to the referee's refusal to compel him to elect the defendant bank excepted. The referee sustained the liens of plaintiff and of defendants Tufts, McCandee & Smith, and McShane & Co., and declared the others void. The bank appeals from the portions of the judgment sustaining the liens, and adjudging that the payment of its claim should be deferred until the claims of the other parties should be satisfied.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Samuel Untermyer,* for appellant. *Alexander Thain,* for respondent Dennis W. Moran. *Thomas C. Ennever,* for respondents William McShane & Co. *Austen G. Fox,* for respondent Lewis C. Tufts.

DUGRO, J. The appellant claims, with respect to so much of the judgment as favors Tufts, a reversal, for reasons stated by its counsel as follows: "(*a*) By accepting the assignment, Tufts waived and lost all right to file a mechanic's lien. (*b*) Having accepted the assignment subject to a prior assignment to the bank, he is estopped from contesting the validity of the bank's assignment. (*c*) No action having been commenced to enforce his lien, and no *lis pendens* having been filed by him, his lien has expired by limitation. (*d*) Tufts should have been compelled to elect one of the two remedies upon which he claimed."

In support of reason *a*, it is argued that the assignment conveyed to Tufts the very property he seeks to lien, and that to allow him, after acceptance of the assignment, a lien right, would be to permit him to lien his own property. This position is not maintainable, as the moneys liened and those assigned are not identical. The assignment was, in effect, of moneys due to Duffy after the discharge of all liens. The moneys liened were such as would have been due Duffy but for the liens. This distinction arises through the existence of a provision in the contract that the city should deduct from the moneys otherwise due under the agreement the amount which might be allowed to lienors prior to the discharge of the notices of lien in one of the ways provided by law. Duffy could not assign more than he would be entitled to by virtue of his contract and its performance. Tufts' lien right was superior to the right acquired by virtue of the assignment. The acceptance of the latter cannot, therefore, be fairly assumed to have been a waiver of the former. It simply gave Tufts an opportunity to obtain his money as against Duffy without filing a lien, and being under the necessity of foreclosure. A lienor's right will not be considered waived unless the facts clearly indicate an intention to abandon his rights, and such an intention is not to be presumed from the mere fact of an assignment such as is disclosed by the evidence. It does not appear that the assignment was accepted as a payment of the indebtedness; and, unless it was a payment, the debt remains, and the right of lien still exists as incidental thereto.

As to reason *b*, it may be said that the estoppel claimed could only avail, if at all, in case the acceptance of the assignment constituted a waiver of the lien.

The reason *c* presents a more difficult question. It was the legislative intent that no lien should be binding unless an action was commenced by the lienor, as plaintiff, within 90 days from the filing of the lien, and a notice of pendency was filed, except in the cases referred to by the language, "but all parties who have filed claims under the title may by answer in such action set forth the same," in section 1830 of the consolidation act.[1] *McDermott* v. *McDonald*, 50 N. Y. Super. Ct. 153. And if, in the action in which a claim is set up by answer, a proper notice of pendency is filed by the plaintiff, the defendant need not file a similar notice. The defendant Tufts, having filed no claim at or prior to the commencement of the Moran action, was not, in that action, one of those referred to by the words, "parties who have filed claims under this title." These words apply only to parties who have filed claims, and whom the plaintiff, by section 1830, is obliged to make parties defendant. Tufts, therefore, had no right conferred by the statute to set up his lien in the Moran action. He should, to preserve his lien, have complied with section 1827, or answered in an action in which he was a necessary party defendant, as allowed to do by section 1830. The latter course he claims to have adopted, but the claim is not well founded. The referee finds that Tufts set up his lien by answer in the McShane action. In this action a notice of pendency was filed. So that, if the finding is correct, the statute has been complied with; but an exception to the finding is well taken, for the case is without evidence warranting the conclusion.

[1] Laws N. Y. 1882, c. 410.

(*d*) Tufts' remedies were not inconsistent. He had a right to rely upon the lien and assignment. He could, however, have had but one satisfaction.

I find no error in the allowance of the claims of Moran and McShane. The judgment should be affirmed, except that part of it which adjudges that Tufts had a valid lien on the fund superior to the claim of the appellant; and, as to this part of the judgment, it is reversed, and a new trial ordered, with costs to abide the event. Costs of appeal to Moran, McShane, and McCandee & Smith, to be paid by the appellant. All concur.