(8 Misc. Rep. 319.)

### LOWEY v. GRANITE STATE PROVIDENT ASS'N.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

CONTRACTS—VALIDITY—UNLAWFUL SUBJECT.

> Commissions for selling shares of stock of a building association, which sales are forbidden by Laws 1890, c. 146, § 9, cannot be recovered, though the contract of employment to sell on commission was made before the enactment of the prohibitory law.

Appeal from first district court.

Action by William Lowey against the Granite State Provident Association. A judgment was rendered by the justice without a jury in favor of plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Jonathan C. Ross, for appellant.
Wakeman & Campbell, for respondent.

GIEGERICH, J. This action was brought against the defendant, a foreign building and loan association, to recover the agreed compensation for selling shares of stock of the defendant company. The defense was a general denial. Judgment was given the plaintiff for the full amount he claimed, from which the defendant has appealed.

By the plaintiff's own testimony it appears that some of the sales upon which he seeks to recover commissions were made during the periods in which the defendant company was not allowed to do business in this state. It is conceded that the sale of shares of stock in such corporations was prohibited by section 9, c. 146, of the Laws of 1890. The plaintiff boasts that they nevertheless continued the business, and "used to beat the devil around the bush." But, however adroit his work in thus evading or violating

·our laws may have been, he can hardly expect the court to reward him for it. Any contract which is repugnant to or contravenes a statute of the state is unlawful, and cannot be enforced. Grain-Binder Co. v. Stayner, 25 Hun, 91, and cases cited; Bilordeaux v. Lithographic Co. (Com. Pl. N. Y.) 9 N. Y. Supp. 507; Honegger v. Wettstein, 94 N. Y. 252, 260; Story v. Bank, 18 Wkly. Dig. 269. No claim is made that this contract was illegal at its inception; but, upon the principle of the above cases, no recovery can be allowed for sales made subsequent to April 21, 1890, on which day the above-cited statute went into effect. Since the evidence on the part of the plaintiff as to the date of some of the sales is vague or conflicting, the judgment cannot be modified, but should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

BISCHOFF, J. I concur. See, also, Dowley v. Schiffer (Com. Pl. N. Y.) 13 N. Y. Supp. 552.