(8 Misc. Rep. 311.)

### BLOOM v. SABERSKI.

(Common Pleas of New York City and County, General Term.   May 17, 1894.)

LICENSE—FAILURE TO OBTAIN—PLUMBERS.

    An action for "work, labor, and services and materials furnished as a plumber" cannot be maintained unless plaintiff produces the certificate required by Laws 1892, c. 602, which forbids any person to transact business of a plumber without having first obtained a certificate of competency.

Appeal from fourth district court.

Action by Benjamin Bloom against Rosa Saberski for work, labor, and services rendered.   There was a judgment in favor of plaintiff, and defendant appeals.   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRIOR, JJ.

George P. Foulk, for appellant.

Louis S. Finn, for respondent.

BOOKSTAVER, J.   This is an appeal from a judgment rendered in favor of the plaintiff against the defendant for the sum of $18.50 for services rendered and material furnished by the plaintiff as a plumber.   The defense was a general denial, and that the plaintiff was conducting business in violation of the statute relating to plumbers.   In Ferdon v. Cunningham, 20 How. Pr. 154, we held that a contract for services by a public cartman who had not obtained a license as required by a city ordinance, which merely affixed a penalty for keeping and using a public cart without first obtaining a license, was void, and an action for services by a cartman not having a license could not be maintained.   Chapter 602 of the Laws of 1892, by the fifth section, expressly provides that any person desiring or intending to conduct the trade, business, or calling of a plumber or of plumbing in any of the cities of this state, or of employing or master plumber, shall be required to submit to an examination before such board of examiners as to his experience and qualification in such trade, business, or calling; and, after the 1st day of March, 1893, it shall not be lawful in any city of this state for any person to conduct such trade, business, or calling unless he shall have first obtained a certificate of competency from such board of

the city in which he conducts or proposes to conduct such business. And the sixth section provides that such plumber shall register his name and address at the office of the board of health of the city in which he shall conduct such business, and that it shall not be lawful for any plumber to engage in or carry on the trade, business, or calling of an employing or master plumber in any of the cities of this state unless his name and address shall have been registered as therein provided. There is no evidence in this case that he either obtained a certificate or registered as required by this act. But respondent contends that this was not necessary, as it was work which any one could do, whether a plumber or not. The answer to this is that, upon the return day of the summons when the complaint was formulated, the respondent stated the cause of action in these words: "Work, labor, and services and materials furnished as a plumber." Thus the respondent brought himself most fully within the provisions of this chapter, and on the authority of Ferdon v. Cunningham, supra, and many other cases of like character which might be cited, the judgment must be reversed, with costs; and, under the circumstances, we do not feel warranted in ordering a new trial.