(9 Misc. Rep. 376.)

NEUCHATEL ASPHALT CO. v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Common Pleas of New York City and County, Special Term. July, 1894.)

1. FOREIGN CORPORATIONS—RIGHT TO SUE.
    The general corporation law (Laws 1892, c. 687), § 15, makes it unlawful for any foreign corporation, other than a moneyed corporation, to do business in the state without having procured from the secretary of state a certificate of authority to do so, and provides that any such corporations "now doing business in this state" may have until December 31, 1892, in which to procure such certificate, and may "perform and enforce" any contract previously made, but shall not sue on any contract before procuring such certificate. *Held*, that a foreign corporation doing business in the state before the enactment, that failed to procure the certificate within the time limited, cannot sue on a contract previously made, though it afterwards procured such certificate.

2. MECHANICS' LIENS—ACTIONS TO ENFORCE—CONSOLIDATION.
    Where a mechanic's lien claimant, who filed a lis pendens in proper time, was made defendant, and filed his answer, in several actions to enforce liens on the same property, under contracts with the same principal contractor, which were consolidated, he may enforce his lien under his answer, though his own action to enforce the lien was not commenced within the time limited therefor.

Action by the Neuchatel Asphalt Company against the mayor, etc., of the city of New York, and others, to enforce a mechanic's lien.

J. M. North, for plaintiff.
C. J. G. Hall, for defendant Mayor, etc.
Foley & Powell and Knevals & Perry, for other defendants.

BOOKSTAVER, J. On the 12th of April, 1893, the defendant Mathias Theriault made a contract with the defendant the mayor, etc., to do certain work and furnish certain materials for the latter in the alteration of a building near the foot of East Sixteenth street. Theriault made various subcontracts for doing portions of the work, and the contractors, not being paid on the completion of their work, filed liens against the property. Thereafter, the plaintiff and several other contractors commenced separate actions to foreclose these liens, and they were all consolidated in the above-entitled action. On the trial the defendants, other than the mayor, etc., contended that the plaintiff could not maintain its action, on the ground that it was a foreign stock corporation, and had not filed the requisite certificate at the time of making the contract and

doing the work, and also on the ground that the action was not commenced against the principal contractor within the time limited by law. The first of these is the most important. It is based upon section 15 of the general corporation law (chapter 687, Laws 1892), which provides "that no foreign stock corporation, other than a monied corporation, shall do business in this state without first having procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business respectively. The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of law,"— and further providing that no such corporation "now doing business in this state shall do business herein after December 31, 1892," without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date, and further providing that no foreign stock corporation, doing business in this state without such certificate, shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate. The complaint alleges that the plaintiff is a foreign corporation, and was employed by the principal contractor, as laborer and merchant, to furnish certain materials and to do certain work on the building in question; and on the trial it was proved that the plaintiff was a foreign stock corporation, organized under the laws of Great Britain, and had been doing business within this state for 14 or 15 years, but that the certificate required by the section above quoted was not obtained until the 4th of December, 1893,—after making the contract, doing the work, and filing the lien. These facts, I think, bring the plaintiff squarely within the prohibition of the law. That the legislature has the power to make such a provision is clearly declared in Demarest v. Flack, 128 N. Y. 217, 28 N. E. 645, where it is said, "The power rests with the legislature to say whether any, and, if so, what, terms shall be imposed upon such corporations, as a condition of granting them permission to do business here." In this case, the prohibition being absolute, no contract made in violation of it can be enforced. In Hall v. Bishop, 3 Daly, 109, this court held: "But, where the object of requiring a license to be obtained is to limit the pursuit of certain callings, * * * the penalty implies a prohibition against engaging in that pursuit unless a license is procured." In the case under consideration this prohibition is not implied, but expressly declared. In the case last cited it was also said, "It was not in the plaintiff's power, without a license, to carry on the business of giving legal advice in relation to any matter whatever." In accordance with this decision, we have recently held that a plumber, doing work as such without first having obtained the license required by law, cannot maintain an action to recover

for work so done.  Bloom v. Saberski, 8 Misc. Rep. 311, 28 N. Y.. Supp. 731.  See, also, Lowey v. Ass'n, 8 Misc. Rep. 319, 28 N. Y.. Supp. 560.  But this court is not alone in this view of the law.  In· Best v. Bauder, 29 How. Pr. 489, it was held that a contract of sale· made by a peddler without having the license required by the act of congress approved July 1, 1862, was invalid.  In De Witt v. Brisbane, 16 N. Y. 508, where the parties were engaged in business· in violation of the banking laws, the court of appeals said:  "No· court will lend its aid to a man who founds his action upon an· illegal contract.  It says to him that, even though he suffer injustice· at the hands of the defendant, he has no right to invoke the assistance of the court, for he himself has transgressed the law."  In Griffith v. Wells, 3 Denio, 226, plaintiff sought to recover for liquor· sold at retail, he having no license for that purpose.  The court said,. "The principle of law is well established in this state, where the law prohibits the doing of a thing, or provides a penalty for doing that thing, contracts made in contradiction thereof are wholly illegal."  So, too, under the act of 1833, prohibiting persons from transacting ·business under fictitious names, and making the violation· thereof an offense punishable by fine, the superior court held, in Swords v. Owen, 34 N. Y. Super. Ct. 277, that contracts made by those doing business under a firm name, when there were no actual parties to represent the "& Co.," were void.

Plaintiff seeks to avoid the force of this contention by claiming that only a single piece of work, to wit, the one in question, was proved to have been done by it in contravention of the law, and that one act does not fall within the prohibition.  If this were well founded, I would be loath to hold against that view, especially as I· regard plaintiff's claim a just one.  But the complaint is so framed as to imply that the work done by it in this case was its ordinary business, and, besides, it avers that it did this work both as laborer and merchant, and the latter word, of .itself, imports "doing business," within the meaning of ·the statute.  Besides, the prohibition is as broad as language can make it.  While the evidence shows that the plaintiff has been "doing business" in this state for many years,. an express provision was made for such cases in the act extending the time to procure the certificate until the 31st of December, 1892.

Plaintiff also contends that, even if the contract made by it falls· within the prohibition, the only penalty provided by the act, and incurred by it, was that it could not maintain an action on such contract until it had procured the certificate, and, as it had done this before the action was commenced, it ought now to be allowed to prosecute it.  The first difficulty with this contention is that the act itself forbids foreign stock corporations doing business without first procuring the certificate, thus making the contract illegal, and not enforceable in the courts of this state, as is clear from the provision regarding foreign corporations doing business within the· state at the time of the passage of the act; for it says that no such· corporation shall do business therein after December 31, 1892, until the certificate is procured, and expressly provides that contracts. made before that date "may be performed and enforced" after that.

date, thus clearly coupling the enforcement with the doing of the business, and bringing both within the same rule. To hold otherwise would practically nullify the statute, for foreign corporations might, as this one has done, do business in this state for years, and never comply with the law until some dispute arose, and then, and not till then, procure the certificate, in order to maintain an action against one of our own citizens. In the meanwhile, our citizens having claims against such companies, if an officer of the corporation could not be served with process, and it had no property within the jurisdiction of our courts, would be left remediless.

Having arrived at this conclusion as to the first question presented, it would be unnecessary to examine whether or not the action could be maintained because it was not commenced within the time limited by law, were it not for the fact that this question is also raised as against the defendant Thompson. He filed a lis pendens in his own action January 27, 1894, but did not begin an action until long after that time, and has never served Mathias Theriault, the principal contractor. It has been repeatedly held by this court that actions to foreclose mechanics' liens are not to be deemed commenced until the principal contractor has been served, or the process lodged with the sheriff, in good faith, for service. Henry v. Lynch (Com. Pl. N. Y.) 1 N. Y. Supp. 780; Smith v. Gault (May, 1883) 5 Month. Law Bull. 55; Kelsey v. Rourke, 50 How. Pr. 315. But Thompson was made a party defendant in several of the actions which have been consolidated with this, and has duly answered in this action; so I think he is entitled to recover on his answer. Section 17, Mechanic's Lien Law 1883, as amended in 1885; McAllister v. Case (Com. Pl. N. Y.) 5 N. Y. Supp. 918; Danziger v. Simonson, 116 N. Y. 335, 22 N. E. 570; Moran v. Bank (Super. N. Y.) 9 N. Y. Supp. 715. As Jameson was allowed to appear and serve his answer without objection by the defendants, I think he, also, should recover. Various objections were made by plaintiff to the sufficiency of the notices of liens of the several defendants, but as it is now out of the case, and the insufficiency of the notices of liens is not urged by the defendants, as against each other, I do not deem it necessary to examine them, or to say anything on that point, further than that it would not be very safe for any of them to do so. The defendant Wines, not having answered, although he apparently received an order signed by the principal contractor, and on file with the comptroller, cannot participate in any judgment to be rendered in this action, as he has made no attempt to authenticate his order.

It was agreed on the trial that the various claims, if allowed, should be without interest or costs. My findings handed down herewith sufficiently express my views on the other questions in the case. Ordered accordingly.