JACOB L. ROSENFELD, Plaintiff, *v.* HARRY JEFFRA and Another, Defendants.

Supreme Court, Special Term, New York County, October 20, 1937.

*Hyman W. Okun*, for the plaintiff.

*Sol Strauss*, for the defendants.

McLAUGHLIN (CHARLES B.), J. The defendants move to dismiss the complaint under the provisions of rule 106 of the Rules of Civil Practice. The action is in equity, and the sole prayer for relief is for an injunction. It is based upon a contract concerning the management and the boxing exhibitions of the defendant Jeffra, a professional boxer, entered into by plaintiff and the defendant Harry Blaustein with the defendant Harry Jeffra in the city of Baltimore, Md., on March 3, 1936. By the terms of the contract (¶ 8) the defendant Blaustein had the sole and exclusive right to make all the matches for the defendant Jeffra. The plaintiff seeks to enjoin by this action the appearance of the defendant Jeffra in any boxing exhibitions in this State or elsewhere.

Before such a contract will be enforced in this State, it must appear by the allegations of the complaint that one who is a manager of a boxer is licensed under the rules and regulations of the New York State Athletic Commission. There is no allegation in the complaint that the plaintiff is so licensed.

A contract made by an unlicensed manager is void. (*Griffith* v. *Wells*, 3 Den. 226; 37 C. J. § 138, p. 260.) Moreover, the rules and regulations adopted by the State Athletic Commission (§ 32) provide that a contract with a fighter becomes null and void if the manager be not duly licensed.

Under the circumstances our courts will not enforce the provisions of this contract so as to make it operative in this State. (*Dewitt* v. *Brisbane*, 16 N. Y. 508, 514.)

Motion is granted with leave to amend if plaintiff can show that he is licensed as aforesaid.

Settle order.