SALVATORE CASARONA, Also Known as TOM STANLEY, Plaintiff, *v.* GEORGIE PACE and Others, Defendants.

Supreme Court, Special Term, New York County, September 7, 1940.

*Charles A. White*, for the plaintiff.

*Macy Halpert*, for the defendants.

*John J. Bennett, Jr., Attorney-General [Oscar S. Mann, Assistant Attorney-General,* of counsel], for the State Athletic Commission.

SCHMUCK, J. Motion for injunction *pendente lite* is denied. By this application plaintiff seeks principally to restrain the defendant Pace from exhibiting his recognized ability as an excitingly entertaining performer in the art of fisticuffs. He also desires to prohibit the defendants White and Irvin from invading his contractual rights with the defendant Pace. Lastly he invokes the plenary power of the court hoping thereby to enjoin the State Athletic Commission from permitting the said Pace to perform in any contest in the State of New York.

At the outset it is clearly to be understood that the ultimate contractual rights between plaintiff and Pace are not to be considered, much less to be decided, by this application. That problem must await the trial of the action. Furthermore, this motion does not raise the question of the right of the Commission to determine the nature, extent and validity of any arrangement between the plaintiff and Pace. The Commission recognizes and the court holds, as already indicated, that question is one for the court. The court is now concerned only with the question of the right of the Commission to promulgate rules and regulations governing the manner and method under which fistic contests may be held in this State and incidentally whether defendant White, recognized as the manager of Pace, is so interfering with plaintiff's rights as to occasion irreparable damage.

This question is not a novel one and heretofore has been considered in matters remarkably similar to the one now under consideration. In the first place, it is well to remember that prize fighting, as this kind of athletic contest is designated, is violative of the criminal law and punishable as misdemeanor (Penal Law, § 1710), unless conducted as provided by chapter 912 of the Laws of 1920 and amendments thereto. By virtue of these statutes the Commission is empowered to "make such rules for the administration of their office, not inconsistent herewith, as they may deem expedient; and they may thereafter amend or abrogate such rules."

(Laws of 1921, chap. 714, amdg. Laws of 1920, chap. 912, § 1.) Acting thereunder the Commission adopted a rule known as rule 32 which in part provides that a copy of the managerial contract must be filed with the Commission for approval and that a contract of this character becomes null and void if at any time during its term the manager is not duly licensed by the Commission. If this rule is not an autocratic assumption of authority, it necessarily follows that, regardless of the consideration given the contract elsewhere, the manager failing to comply with rule 32 or whose contract otherwise is obnoxious to the Commission is without standing for the rule is a condition precedent to any contractual right.

The act creating the State Athletic Commission undoubtedly invests the Commission with sole direction, management, control and jurisdiction over all boxing, sparring and wrestling matches or exhibitions, professional as well as amateur, to be conducted within the State of New York. In consequence rules and regulations made by it are free from judicial interference unless they are obviously capricious, arbitrary and an abuse of vested authority. Rule 32 is not an abuse of power and is clearly a proper exercise of authority and justly a commendable regulatory provision. In *Rosenfeld* v. *Jeffra* (165 Misc. 662) we are instructed that before a contract between manager and boxer or fighter, as you will, can be enforced it must appear that the manager is licensed under the rules and regulations of the State Athletic Commission. Adopting the language of the court in that matter it appears that " a contract made by an unlicensed manager is void. (*Griffith* v. *Wells*, 3 Denio, 226.) " In view of all this it is held that the Commission acted judiciously and was well within its power in refusing to recognize the claims of the plaintiff as he had failed to renew his license.

The authority to reject claims of managerial status leads to the unescapable corollary that the Commission could determine between whom that relationship existed in this State. The recognition of the defendant White as the representative of Pace was, therefore, justified and White is free from criticism in acting in that capacity, having received the blessing of the Commission. The relief asked against him is consequently unsupportable in law. Asserting that to accept plaintiff's contention would practically make him in this instance and all other managers similarly situated part of the Commission and thus create a condition akin to bedlam, the motion is disapproved. Order signed.