PHILIP ZWIRN, as Administrator, etc., of JOE JACOBS, Deceased, Plaintiff, *v.* DOMINICK GALENTO, Also Known as TONY GALENTO, Defendant.*

Supreme Court, Special Term, New York County, September 6, 1941.

*Abraham D. Strauss*, for the plaintiff.

*William A. Shea*, for the defendant.

PECORA, J.  Motion to dismiss amended complaint pursuant to rule 106 of the Rules of Civil Practice.  This action is brought by the administrator of Joe Jacobs, deceased, a manager of prize fighters, to recover a portion of defendant's earnings in a prize fight with one Max Baer.

The first cause of action is upon written contracts and the second cause seeks to recover on a *quantum meruit* basis.  The written contract contains a provision that " This contract is not valid until both parties appear before the New York State Athletic Commission and receive its approval."  There is no allegation in the complaint of the receipt of this approval.  The complaint alleges that this provision was waived by the parties.  I believe that the complaint is insufficient because it fails to allege that plaintiff's decedent was a licensed manager.  Section 8 of chapter 714 of the Laws of 1921 provides that no person shall participate in a boxing match or the holding thereof unless he shall have first procured a license.  Under rule 32 of the New York State Athletic Commission, a copy of any contract entered into between a boxing manager and a

fighter must be placed on file with the Commission for approval. It is also there provided that " A contract * * * becomes null and void if at any time during this term the manager is not duly licensed by the Commission." There is no allegation that the plaintiff's deceased was licensed. The contract, therefore, became void. (*Rosenfeld* v. *Jeffra*, 165 Misc. 662. See, also, *Casarona* v. *Pace*, 175 id. 269.) In my opinion, the failure to procure approval of the contracts by the New York State Athletic Commission and the failure to allege that the decedent was a duly licensed manager may not be waived and estoppel may not be invoked. The provisions of the statutes governing the conduct of fighting exhibitions and the rules and regulations promulgated pursuant to them were made to regulate a pastime which affects the public morals, health and welfare. Under such circumstances these provisions cannot be waived. No right of action can arise from a contract so tainted with illegality. (*Carmine* v. *Murphy*, 285 N. Y. 413.)

The amended complaint is dismissed. Settle order.