JOSEPHINE VANDEWATER, AS ADMINISTRATRIX, ETC., OF WILLIAM P. VANDEWATER, DECEASED, RESPONDENT, *v.* THE NEW YORK AND NEW ENGLAND RAILROAD COMPANY, APPELLANT.

*Railroads — the statutory signals — they must be given at a farm crossing — liability for a failure to do so — Penal Code, sec. 421.*

The Penal Code (§ 421) makes the failure of an engineer to ring the bell and sound the whistle, at least eighty rods from any place where a railway crosses a traveled road or street on the same level (except in cities), a misdemeanor.

In an action brought by a widow, as administratrix of her husband, who was, as alleged, killed at a farm crossing through the negligence of a railroad corporation in not ringing the bell or sounding the whistle when crossing it, it was

*Held,* that although the statute imposed no affirmative duty upon the engineer, yet by making his failure to do said acts a misdemeanor, it impliedly required him to ring the bell and sound the whistle.

That, for his failure to perform those acts at a farm crossing, the corporation was liable to one who was injured by such omission.

APPEAL by the defendant, the New York and New England Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 13th day of October, 1891, upon a verdict for the plaintiff for $5,000 and interest, after a trial at the Dutchess Circuit before the court and a jury, and also from an order denying a motion for a new trial.

*W. C. Anthony,* for the appellant.

*Wood & Morschauser,* for the respondent.

DYKMAN, J.:

On the 16th day of August, 1890, William P. Vandewater, the husband of the plaintiff, was killed by a locomotive engine upon the defendant's railroad at a farm crossing west of the station at Fishkill village, Dutchess county. The crossing is nearly at right angles with the railroad, and the deceased was driving north, while the engine which struck him came from the east drawing a pay car only.

There was no claim that any alarm was sounded for the farm crossing, but there was a claim that the usual alarm was given as

the train approached the station at Fishkill village. There was evidence tending to show that no such alarm was given.

The trial judge charged the jury that the deceased had the right to assume that the company did its duty with respect to the crossing, and if it did not sound the bell or blow the whistle, and it was accustomed to do so at the village station, and it did not do that, and the two things combined caused the accident, if the deceased was killed by reason of the omission to do those things, then the jury might find a verdict of negligence against the company upon it.

There was an exception to that portion of the charge, but we cannot sustain it. We are not prepared to hold that a railroad company is now free from the obligation to sound the bell or whistle at a highway crossing. We have found no authority for such a position, and we do not think the statute should receive such a construction. It is as follows: " A person acting as engineer driving a locomotive on any railway in this State, who fails to ring the bell or sound the whistle upon such locomotive, or cause the same to be rung or sounded, at least eighty rods from any place where such railway crosses a traveled road or street on the same level (except in cities) or to continue the ringing such bell, or sounding such whistle at intervals, until such locomotive and the train to which the locomotive is attached, shall have completely crossed such road or street, is guilty of a misdemeanor." (Penal Code, § 421.)

This statute imposes no affirmative duty upon an engineer driving a locomotive, but pronounces him guilty of a misdemeanor if he fails to ring the bell or sound the whistle ; and quite singularly, also, his guilt does not follow as the result of an affirmative act, but upon his failure to do a certain thing. But the statute must receive a reasonable construction, and, although it contains no language requiring an engineer to ring the bell or sound the whistle, yet, as it makes a failure to do so a misdemeanor, it must be construed to contain an implied requirement for the performance of the duty. The legislature intended to accomplish something by the enactment of the law, and the design plainly was to secure the ringing of the bell or the sounding of the whistle at the designated place, and that was the purpose of the former statute, which is now repealed.

We might go further and assume that the reason for the repeal of

the former statute upon the subject was that the section of the Penal Code in question took its place, secured its purposes and rendered it unnecessary.

It has been many times decided, in this country and in England, that a penalty in a statute implies a prohibition, though there be no prohibitory words in the act. (*Griffith* v. *Wells*, 3 Denio, 226; *Best* v. *Bauder*, 29 How., 489.)

So, by analogy to that principle, it may be said here that the penalty in this law implies a direction or imposes a duty, though there be no imposition of a duty in the statute.

In this view of the statute the portion of the charge under examination was free from error. Respecting the conduct of the engineer after the horse of the deceased was discovered, or after he might have seen him by the exercise of vigilance, the testimony presented a proper question for the jury.

After a full examination of the case we have failed to find any errors, and the judgment and order denying a motion for a new trial should be affirmed, with costs.

PRATT, J., concurred in the result; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.