(20 App. Div. 203.)

MARTIN v. GOLDSTEIN.

(Supreme Court, Appellate Division, Fourth Department.  July 29, 1897.)

1. PROCESS—SERVICE ON HOLYDAY—VALIDITY.
Legal process is void where the party has caused it to be returned on Saturday, which is observed as holy by the party on whom the process is served, in view of Pen. Code, § 271, making one criminally liable for procuring such service, though no statute in express terms forbids such service.

2. SAME—CRIMINAL LIABILITY—INTENT.
Under Pen. Code, § 271, providing that "whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, * * * or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is

46 N.Y.S.—61

a party to be adjourned to that day for trial," is guilty of a misdemeanor, a plaintiff who procures process against such person to be returned on Saturday through inadvertence, and without intent to fix the return on a day kept holy by defendant, is not criminally liable, and hence such process is not void.

Ward, J., dissenting.

Appeal from Monroe county court.

Action by Bernard F. Martin against David Goldstein. A judgment vacating a warrant of attachment and a summons issued therein (39 N. Y. Supp. 254) was affirmed by the county court, and plaintiff appeals. Reversed.

This action, which was brought to recover for goods sold and delivered by the plaintiff to the defendant, was commenced in the municipal court of the city of Rochester on the 9th day of April, 1896. At the time of the issuing·of the summons a verified complaint was duly filed, upon which, as well as upon accompanying affidavits, a writ of attachment was issued, and the same was subsequently served upon the defendant, with the summons and complaint. The summons was made returnable upon the 18th day of April, 1896, which was Saturday. Upon the return day the defendant appeared in the action for the sole purpose of objecting to the jurisdiction of the court upon several grounds, but more especially for the reason that the defendant is a Jew, and that ·as such he uniformly observes Saturday of each week as "holy time." This fact was made to appear by affidavit, to meet which the plaintiff filed a counter affidavit containing a statement to the effect that the summons was made returnable on Saturday through inadvertence, without malice, and without any intent to fix the return thereof on a day kept holy by the defendant. On the defendant's motion the summons and warrant of attachment were vacated, and judgment was rendered in favor of the defendant. 39 N. Y. Supp. 254. From the judgment thus entered an appeal was taken to the county court of Monroe county, where the judgment of the municipal court was affirmed, and from the judgment of affirmance this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank J. Hone, for appellant.
Jacob Spahn, for respondent.

ADAMS, J.  By express legislative enactment the municipal court of the city of Rochester is to be deemed a justice's court, and the procedure therein is governed by the provisions of chapter 19 of the Code of Civil Procedure, which relates to courts of justices of the peace.  Code Civ. Proc. §§ 3226, 3227; Baird v. Helfer, 12 App. Div. 23, 42 N. Y. Supp. 484.  This action was therefore properly commenced by a summons made returnable upon a day fixed and specified therein.  But the return day, unfortunately for the plaintiff, happened to be on Saturday, and when the defendant appeared it was made known for the first time that he was a member of the Jewish faith, and that as such it was a part of his religion to observe Saturday as "holy time."  It was thereupon made to appear by the affidavit of the plaintiff's attorney that the return day of his summons was specified through inadvertence, and without any intention of fixing the same on a day kept holy by the defendant, and also without realizing at the time the same was fixed that the return day was Saturday.  These facts are uncontroverted, and the sole question, therefore, for this court to determine, is whether or not

they constitute a crime against religious liberty and conscience; and the determination of this question involves a construction of section 271 of the Penal Code, which reads as follows, viz.:

"Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor."

It is contended on behalf of the defendant that upon the undisputed facts in this case the plaintiff has, in making his process returnable on Saturday, rendered himself amenable to the penalty denounced by this section, and that in consequence thereof the process by which he sought to commence this action is absolutely void. It is quite obvious that this contention must prevail, provided the premise upon which it rests is tenable; for, although the statute does not in express terms forbid the return of a legal process upon a day regarded as holy by the party upon whom it is served, yet the penalty which it imposes implies a prohibition, and to all intents and purposes its violation entails the same consequences as would follow if its language were more explicit. Griffith v. Wells, 3 Denio, 226; Leavitt v. Blatchford, 5 Barb. 9–29; Smith v. Joyce, 12 Barb. 21; Barton v. Plank-Road Co., 17 Barb. 397; Best v. Bander, 29 How. Prac. 489; In re City of Buffalo, 68 N. Y. 167. The case therefore resolves itself into this one crucial question,—is the plaintiff guilty of the misdemeanor defined by the section above quoted? Upon a careful analysis of the section, it will be discovered that three separate and distinct acts are therein impliedly prohibited: (1) the malicious procuring of the service of any process in a civil action on Saturday upon a person who keeps that day as holy time; (2) the service upon such a person of any process returnable on that day; and (3) the malicious procuring of an adjournment to that day of a hearing in a civil action to which such a person is a party. It will also be discovered that in order to constitute an offense, so far as the first and third subdivisions above mentioned are concerned, the element of malice must be established, whereas such is not apparently the case as regards the second subdivision. And it is consequently argued that a party who unintentionally and inadvertently causes a process to be made returnable in violation of this statute is just as amenable to punishment therefor as if he had acted from a malicious motive. It must be conceded, we think, that, if strict grammatical rules are to be observed in our effort to interpret this statute, the defendant's contention is entitled to very serious consideration, and the same may be said if the ordinary rules of legal construction are to control; for the use of the word "maliciously" in connection with the first and third subdivisions, and its omission from the second, are certainly ' facts which possess considerable significance. But, with this much which is favorable to the defendant's contention admitted, we are nevertheless persuaded that the statute should not receive the interpretation claimed for it; and this conclusion is reached by adhering to certain well-recognized canons of construction, which may perhaps be termed extraordinary, because not gen-

erally resorted to, but which are nevertheless just as available and just as potent in proper cases as are those to which we have already adverted. One of these rules is that a penal statute should always be liberally construed in favor of civil liberty, or, to adopt the language of an eminent text writer upon this subject:

"Let everything in favor of power be closely construed, everything in favor of the security of the citizen and the protection of the individual be liberally and comprehensively interpreted, for the simple reason that power is power, and therefore able to take care of itself, as well as tending by its nature to increase, while the citizen may need protection." Lieb. Herm. c. 6, § 10.

Also, see Dwar. St. c. 2; Cheese Co. v. Murtaugh, 50 N. Y. 314; Hintermister v. Bank, 64 N. Y. 212; Wood v. Railway Co., 72 N. Y. 196.

With this rule in mind, the plaintiff is in a position to invoke still another, which is, in effect, that the intent of the legislature in enacting a particular law must govern, where such intent is manifest, even though the construction thus given seems contrary to the precise letter of the statute, and furthermore that, where the intent is at all obscure or ambiguous, resort may be had to other parts of the same statute, and even to the title, in order to ascertain its true intent. Smith v. People, 47 N. Y. 330; In re Rochester Water Com'rs, 66 N. Y. 413; People v. Coleman, 121 N. Y. 542, 25 N. E. 51. Turning, therefore, to the section under consideration, we find that it is a part of chapter 1 of title 10 of the Penal Code, which defines crimes against religious liberty and conscience. Now, it is elementary that, to constitute a crime, there must be not only the act itself, but a criminal intent must also accompany the act. Stokes v. People, 53 N. Y. 164–179; People v. Powell, 63 N. Y. 88–91. And yet, in order to give to this section the construction claimed for it by the defendant's counsel, we must hold that the legislature has not only utterly ignored this elementary principle, but, in violation thereof, has declared that while in the case specified malice or intent must exist in order to constitute the crime of procuring a process to be served on Saturday, or of procuring a civil action to be adjourned to that day, the crime of serving a process which is returnable on Saturday may be committed without any intent accompanying the act. This proposition, it seems to us, has only to be stated, to render its absurdity manifest; for the person who served the summons in this action, as is generally the case, was a public officer, and it is fair to assume that he performed his official duty in this instance without knowing, or having any reason to suppose, that the party served regarded one day of the week as more sacred than another. It is true that the defendant is a Jew, and certain racial characteristics may have manifested themselves to such an extent as to acquaint the officer with that fact; but there are other religions than the Jewish which require the observance of the seventh day of the week as holy time, and consequently, if the rule contended for is to obtain, an officer must somehow ascertain in every instance, before serving a process, that the party upon whom it is to be served does not come within the favored class; otherwise he renders himself amenable to the statute. It is inconceivable that the legislature in-

tended that a person thus serving a process returnable on Saturday, in ignorance of the fact that he was in any way interfering with the religious liberty of the party served, should be regarded as a criminal; and it is equally certain that a conviction under such circumstances would be absurd and unjust, if not impossible. A construction of a statute, therefore, which leads to such a result, should manifestly be avoided, if practicable. In re Folsom, 56 N. Y. 60; People v. Jaehne, 103 N. Y. 182, 8 N. E. 374. Chancellor Kent, in laying down certain general rules for construing statutes, says that the intent with which they were enacted "is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant to reason and good discretion." 1 Kent, Comm. 462. Applying the principle thus stated to the case in hand, it would certainly seem "consonant to reason and good discretion" to hold that it was the design of the legislature to punish only such persons as intentionally (that is, maliciously) annoy and vex any class of citizens who religiously observe any part of the week as holy time, by either serving them with process upon that day, or procuring a process to be made returnable upon, or a hearing in a civil action to be adjourned to, that day. If we are correct in this conclusion, it follows that the summons, as well as the warrant of attachment issued in this action, was not void, and that the judgment appealed from should therefore be reversed.

Judgment reversed, with costs. All concur, except WARD, J., dissenting.