OPINION OF THE COURT
Bernard F. McCaffrey, J.
In this matter the defendant, Gerald A. Powell, moves to set aside service of the summons and complaint and the default judgment against him, on the grounds that service was made on February 16, 1980, which was a Saturday. The defendant contends, inasmuch as he is of the Jewish faith, that such service made upon him on a Saturday is prohibited, not valid, and is void as violative of the provisions of section 13 of the General Business Law which provides as follows:
“§ 13. Maliciously serving process on Saturday on person who keeps Saturday as holy time
“Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor.”
At the outset it is noted that this provision (General Business Law, § 13) differs from the provisions of section 11 of the General Business Law relative to service of process on Sunday, which provides as follows:
*1012 “§ 11. Serving civil process on Sunday
“All service or execution of legal process, of any kind whatever, on the first day of the week is prohibited, except in criminal proceedings or where service or execution is specially authorized by statute. Service or execution of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever.”
Thus, there are significant distinctions between the applicable service on a Saturday (General Business Law, § 13) and service on a Sunday (General Business Law, § 11). The provisions of section 13 of the General Business Law relate only as it effects service upon a person who keeps Saturday as a holy tiine, and does not labor on that day, as distinguished from the provisions of section 11 of the General Business Law which refer to “the first day of the week” and has for its origin a general prohibition of service on this day on everyone, not just those who keep it as a holy time. Thus, its origin lies more in Sunday as the first day of the week being recognized as a day of rest or holiday, as distinguished from a holy day. Also, though section 13 of the General Business Law provides that the maliciously procuring of service on a Saturday on a person who keeps Saturday as holy time, and does not labor on that day, is guilty of a misdemeanor, there is, however, no express provision therein voiding such service. Whereas, the Legislature in enacting section 11 of the General Business Law adopted a specific prohibition and determination of invalidity of service, providing that service of process, on the first day of the week (Sunday) “is prohibited * * * absolutely void for any and every purpose whatsoever.”
Apparently one of the few cases on this matter is an 1897 decision of the Appellate Division, Fourth Department, which stated that under the prior law (former Penal Law, §2150), the statute, by implication, voids such service when maliciously made. (Martin v Goldstein, 20 App Div 203.)
However, it is respectfully noted that in this divided decision such statement, at best, appears to be dicta, for even though a process server may be guilty of a misdemeanor for making such service, in a malicious manner, on *1013 a person who keeps Saturday as a holy time, it does not necessarily follow that the service will be void as against an innocent party plaintiff to the incident; particularly, if to hold such service void would nonsuit the innocent party plaintiff to the action, such as by an expiration of the Statute of Limitations, or where there has been a clear showing of deliberate avoidance of service.
In a relatively more recent decision the court in the matter of Jewish Center of Baldwin v Winer (216 NYS2d 153 [Hogan, J.]), after citing the Martin v Goldstein decision, and specifically the statement that the prior law (former Penal Law, § 2150) by implication voids such service when made with malicious intent, after holding a hearing, and after taking testimony upheld the service with a finding that the service was not made with malicious intent.
Assuming, arguendo, that such manner of service would, by implication of the provisions of section 13 of the General Business Law, void the service, it would, nevertheless be incumbent upon the defendant herein to set forth sufficient factual allegations of maliciously procuring service of the defendant on a day that the defendant keeps as a holy day. The defendant’s affidavit is completely devoid of any such factual allegation as it effects either the process server, or even more importantly, any factual allegation of maliciously procuring service on the defendant attributable to the plaintiff and/or his counsel. Nor does the defendant affirmatively set forth that Saturday, February 16, 1980, was a day that he would be deemed to keep as holy time and not labor on that day. Thus, even if the Appellate Division, Fourth Department, decision voiding service, by implication, were to be determined as controlling, no hearing on this matter would-be required for, as noted, the defendant has not shown one scintilla of evidence of malicious procurement of service of process, or affirmatively shown that it would be applicable to him, other than he is a member of the Jewish faith.
The court holds that the service of the summons and complaint, and the default judgment on Saturday, February 16, 1980, upon the defendant, Gerald A. Powell, is not *1014 void pursuant to the terms of section 13 of the General Business Law.
Thus, the motion by defendant, Gerald A. Powell, for an order setting aside service of the summons and complaint, and the defendant judgment against him, is denied.