[613 NYS2d 363]

In the Matter of LARRY JAY KUSHNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 9, 1994

2

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Larry Jay Kushner,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Larry Jay Kushner was admitted to practice in New York by the First Judicial Department on January 31, 1977. On or about September 23, 1993 respondent pleaded guilty in County Court, Westchester County, to grand larceny in the fourth degree in violation of Penal Law § 155.30, a New York felony. On December 10, 1993 respondent was sentenced to a term of probation not to exceed five years and directed to make restitution in the amount of $15,678 plus 5% surcharge payable at $275 per month.

Based on respondent's conviction, petitioner Departmental Disciplinary Committee seeks an order striking his name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent cross-moves for an order, *inter alia,* dismissing or staying the proceeding.

As a ground for dismissal, respondent asserts that since the petition was served upon him on the Sabbath, a Saturday, this Court lacks jurisdiction over him. Even if maliciously serving process on a Saturday on a person who keeps Saturday as holy time voids such service *(see,* General Business Law § 13; *see also, Chase Manhattan Bank v Powell,* 111 Misc 2d 1011), respondent has failed to sustain his burden under the statute. *(See, Chase Manhattan Bank v Powell, supra.)* Nor is there any merit to respondent's claim that a plea of guilty is not a conviction. *(See,* CPL 1.20 [13].) Respondent's remaining defenses are similarly without merit.

Accordingly, petitioner's motion should be granted and respondent's name should be stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), forthwith.

MURPHY, P. J., SULLIVAN, ASCH, RUBIN and NARDELLI, JJ., concur.

Application granted, and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective June 9, 1994. Respondent's cross motion seeking, *inter alia,* denial of the application in all respects, is denied.