OPINION OF THE COURT
Loren Baily-Schiffman, J.
This matter was referred to Special Term Part II for a traverse hearing concerning service of the summons and complaint and final determination of defendant’s motion to dismiss the complaint and plaintiff’s cross motion for sanctions.
The traverse hearing was held on March 6, 2000. Both parties were represented by counsel. The process server, Stephen Greenstein, testified that on September 24, 1999, he personally served the defendant, Jeffrey Ben Zvi, at his home address with a copy of the summons and complaint in this matter. Mr. *947 Greenstein testified that the company on whose behalf he was making this service filled out the affidavit of service based upon the information he provided to them and that he signed the affidavit on October 5, 1999.
The process server’s log book was placed in evidence and testimony was received that the notations in the log book were contemporaneous with the subject service. The log book entries contain an overwrite on the time of the service and the name of the court is crossed out, and over it is written “Civil.” In the log book, after the service at issue here, a line is left blank. The testimony was that the line was left blank to separate dates; however, the log book shows that this was not a consistent practice.
Mr. Greenstein testified that he did not receive any instructions from his office concerning when to serve these papers other than they were to be served “in the next few days.” The court takes judicial notice of the fact that the date on which the process server alleges service was made was a Friday.
It is undisputed that the defendant in this proceeding is an observant Jew who recognizes and observes the Sabbath and Jewish religious holidays. It is also undisputed that this fact was known to plaintiff who is also an observant Jew. Therefore, service of process on the defendant after sundown on a Friday or on a religious holiday would be defective and would result in the dismissal of this proceeding. (General Business Law § 13; Jewish Ctr. of Baldwin v Winer, 216 NYS2d 153 [Sup Ct, Nassau County 1961]; Martin v Goldstein, 20 App Div 203 [4th Dept 1897].)
The date of service of the summons and complaint is disputed. The process server testified that he served on Friday afternoon, September 24, 1999, shortly before sundown at 5:14 p.m. The defendant, Jeffrey Ben Zvi, testified that the service was made on Saturday, September 25, 1999, before sundown. Defendant also testified that the Saturday in question was during the religious holiday of Succoth. It was not disputed that in 1999, Saturday, September 25, 1999, was during Succoth.
In support of defendant’s position, defendant’s mother-in-law, Eva Genuth, was called as a witness. She testified that on Saturday, September 25, 1999, she was at her son-in-law’s house at 2415 Avenue R, Brooklyn, New York, eating lunch. It was the holiday of Succoth and the entire family was present. The doorbell rang, Mr. Ben Zvi went to the door, and the witness heard loud voices arguing. When Mr. Ben Zvi returned to *948 the table he was upset and said that the process server had tried to give him legal papers.
In deciding whether service was proper, the court is called upon to determine the credibility of the witnesses because the testimony of the process server and that of the defendant’s witnesses cannot be reconciled. Either the papers were served on Friday before sundown in which case service would be sustained or they were served on Saturday, during both the Jewish Sabbath and the holiday of Succoth in which case service would not be sustained and the action would be dismissed.
After considering all the testimony, the court is persuaded that service on defendant, an observant Jew, was made on Saturday, September 25, 1999 during the Jewish Sabbath and the holiday of Succoth. Service is, therefore, not sustained. Accordingly, this proceeding is hereby dismissed.
The plaintiffs attorney, an observant Jew, and the plaintiff were aware that the party to be served was an observant Jew. This knowledge is imputed to the process server, by virtue of the agency relationship. “Notice given to one person generally will be imputed to another person if an agency relationship exists between the parties.” (Mileasing Co. v Hogan, 87 AD2d 961, citing 42 NY Jur, Notice and Notices, § 4; see also, 2A NY Jur 2d, Agency and Independent Contractors, § 296.) Service on the Sabbath or on a holiday with knowledge that the person to be served observes the Sabbath and/or the holiday constitutes malice. Further, in this instance, service on the Jewish Sabbath coupled with the Jewish holiday of Succoth clearly makes the service malicious. Since in this case the plaintiffs counsel is an observant Jew, there can be no claim that he did not know it was Succoth. Knowing that the service will be effectuated upon an observant Jew on either the Sabbath or a holiday, during which labor is prohibited, like Succoth, is in and of itself malicious and designed to harass. This maliciousness and harassment is further evidenced by the fact that the Legislature made such service a misdemeanor through General Business Law § 13.
Plaintiffs cross motion for sanctions is denied as unsupported by the evidence or by the moving papers. Defendant’s motion for sanctions is similarly denied as is defendant’s request that this court assess money damages against plaintiff. The court declines to rule on plaintiffs motion to dismiss on the basis that there, is a prior action pending.