Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 9, 2015. The order denied the defendants’ motion pursuant to CPLR 5015 (a) and 317 to vacate a judgment of foreclosure and sale of that court entered December 23, 2014, upon their failure to answer the complaint or appear at the inquest, and pursuant to CPLR 3211 (a) to dismiss the complaint for lack of personal jurisdiction. By decision and order on motion dated February 5, 2016, this Court granted the defendants’ motion to stay enforcement of the judgment of foreclosure and sale, including the foreclosure sale of the premises, pending determination of the appeal.
 

 Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the plaintiff’s counsel had knowledge that the defendants could not properly be served on a Saturday, and a new determination thereafter of the defendants’ motion pursuant to CPLR 5015 (a) and 317 to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) to dismiss the complaint, and for the issuance of an order staying enforcement of the judgment of foreclosure and sale pending the hearing and determination of the defendants’ motion.
 

 The plaintiff commenced this action to foreclose a consolidated mortgage on the defendants’ residential real property in Lawrence. According to the affidavits of service, after four unsuccessful attempts at personal service, the process server served the defendants by “nail and mail” service pursuant to CPLR 308 (4). The affixation portion of the service was accomplished on the afternoon of Saturday, October 19, 2013, when the process server affixed two copies of the summons, complaint, and related documents to the door of the subject premises. The defendants did not answer the complaint. Their counsel appeared for a settlement conference, but neither the defendants nor their counsel appeared at the adjourned conference or at the subsequent inquest. Following the inquest, a judgment of foreclosure and sale was entered on December 23, 2014.
 

 The defendants moved pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211 (a) to dismiss the complaint. They argued that the Supreme Court lacked personal jurisdiction over them because service of process was effectuated in violation of General Business Law § 13, since, despite knowledge by the plaintiff’s counsel that they are observant, Orthodox Jewish persons who adhere to the Sabbath, the affixation portion of the “nail and mail” service was improperly effectuated on a Saturday. The defendants further asserted that the plaintiff failed to comply with the notice requirements of the consolidated note and of RPAPL 1304. The court denied the defendants’ motion. The defendants appeal.
 

 General Business Law § 13 provides: “Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor.”
 

 The defendants contend that the plaintiff’s counsel was aware that they are observant, Orthodox Jewish persons who adhere to the Sabbath, and thus, the Saturday affixation of process to the door of their residence was invalid. This appears to be an issue of first impression for this Court. We agree with the other courts that have addressed the issue, which have consistently held, for more than a century, that service in violation of General Business Law § 13, or its predecessor statute, is void, and personal jurisdiction is not obtained over the party served (see Martin v Goldstein, 20 App Div 203, 205 [1897]; Tenenbaum v Setton, 49 Misc 3d 39, 41 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Chase Manhattan Bank [USA] N.A. v Schneider, NYLJ, Oct. 3, 1988, 1988 NY Misc LEXIS 896 [App Term, 2d Dept, 9th & 10th Jud Dists 1988]; City Natl. Bank, N.A. v Lake St. 1, LLC, 38 Misc 3d 1224[A], 2013 NY Slip Op 50244[U] [Sup Ct, Orange County 2013]; Garner v Doggie Love L.L.C., 2011 NY Slip Op 30072[U] [Sup Ct, Queens County 2011]; FPTK, LLC v Paradise Pillows, Inc., 9 Misc 3d 1125[A], 2005 NY Slip Op 51790[U] [Civ Ct, Kings County 2005]; Hirsch v Ben Zvi, 184 Misc 2d 946, 947 [Civ Ct, Kings County 2000]; Jewish Ctr. of Baldwin v Winer, 216 NYS2d 153 [Sup Ct, Nassau County 1961]; but see Matter of Kushner, 200 AD2d 1, 2 [1994] [assuming but not deciding the issue]; see generally McKinney’s Cons Laws of NY, Book 1, Statutes § 75; Matter of Trosk v Cohen, 262 NY 430, 435-436 [1933]). Moreover, we hold that the statute applies not only to personal service upon a defendant, but also to the affixation portion of “nail and mail” service pursuant to CPLR 308 (4) on the door of a defendant’s residence, as occurred here (see Garner v Doggie Love L.L.C., 2011 NY Slip Op 30072[U] [2011]; cf. FPTK, LLC v Paradise Pillows, Inc., 9 Misc 3d 1125[A], 2005 NY Slip Op 51790[U] [2005]).
 

 To establish a violation of General Business Law § 13, malicious intent must be shown (see Martin v Goldstein, 20 App Div at 205; Chase Manhattan Bank [USA] N.A. v Schneider, 1988 NY Misc LEXIS 896). “Service on the Sabbath . . . with knowledge that the person to be served observes the Sabbath . . . constitutes malice” (Hirsch v Ben Zvi, 184 Misc 2d at 948; see HSBC Mtge. Corp. [USA] v Myers, Sup Ct, Nassau County, McCabe, J., index No. 013868/07; FPTK, LLC v Paradise Pillows, Inc., 9 Misc 3d 1125[A], 2005 NY Slip Op 51790[U] [2005]). The knowledge of a plaintiff or its counsel is imputed to the process server by virtue of the agency relationship (see HSBC Mtge. Corp. [USA] v Myers, Sup Ct, Nassau County, McCabe, J., index No. 013868/07; FPTK, LLC v Paradise Pillows, Inc., 9 Misc 3d 1125[A], 2005 NY Slip Op 51790[U] [2005]; Hirsch v Ben Zvi, 184 Misc 2d at 948).
 

 In support of their motion, the defendants submitted an August 26, 2013, letter from their counsel which advised the plaintiff’s counsel’s law firm that the defendants are “observant, Orthodox Jews,” who cannot be served on a Saturday, together with a fax transmission report indicating a successful transmission. This proof was sufficient to establish, prima facie, that the plaintiff’s counsel had knowledge that the defendants were protected from Saturday service by General Business Law § 13 (see HSBC Mtge. Corp. [USA] v Myers, Sup Ct, Nassau County, McCabe, J., index No. 013868/07; cf. Matter of Kushner, 200 AD2d at 2; Jaffe Ross & Light, LLP v Mann, 39 Misc 3d 1231 [A], 2013 NY Slip Op 50825[U] [Sup Ct, NY County 2013], superseded on rearg of other issues 2013 NY Slip Op 32212 [2013], revd on other grounds 121 AD3d 480 [2014]). However, in opposition, the plaintiff submitted a denial by its counsel of receipt of the faxed letter, and an affidavit by the law firm’s independent information technology contractor to the effect that there was no indication of receipt in the firm’s archive system. These submissions raised a question of fact as to whether the plaintiff’s counsel had knowledge that the defendants could not properly be served on a Saturday, necessitating a hearing (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]; Chase Manhattan Bank [USA] N.A. v Schneider, 1988 NY Misc LEXIS 896, *1).
 

 The defendants’ further contention that the judgment of foreclosure and sale should be vacated pursuant to CPLR 5015 (a) (4) based on the plaintiff’s failure to satisfy the notice requirements of the note or of RPAPL 1304 is without merit. Any such failure would go to the merits of the dispute, and not the court’s subject matter jurisdiction which is the basis for a CPLR 5015 (a) (4) dismissal (see TD Bank, N.A. v Mandia, 133 AD3d 590, 591 [2015]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2011]; see generally Lacks v Lacks, 41 NY2d 71, 74-75 [1976]). The defendants failed to rely on CPLR 5015 (a) (1) on their motion to vacate the judgment of foreclosure and sale and, in any event, failed to demonstrate a reasonable excuse for their default (see Perellie v Crimson’s Rest., 108 AD2d 903, 904 [1985]).
 

 Accordingly, we reverse the order and remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff’s counsel had knowledge that the defendants could not properly be served on a Saturday, such that service of process upon the defendants was invalid, and for a new determination thereafter of the defendants’ motion pursuant to CPLR 5015 (a) and 317 to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) to dismiss the complaint.
 

 Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.