Hudson City Sav. Bank, FSB v Schoenfeld (2019 NY Slip Op 03324)





Hudson City Sav. Bank, FSB v Schoenfeld


2019 NY Slip Op 03324


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-03302
 (Index No. 62742/15)

[*1]Hudson City Savings Bank, FSB, respondent,
v
Michael Schoenfeld, etc., appellant, et al., defendants.


William J. Florence, Jr., Peekskill, NY, for appellant.
Aldridge Pite, LLP, Melville, NY (Kenneth M. Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Schoenfeld appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated November 29, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In August 2015, the plaintiff commenced this action to foreclose a mortgage given by the defendant Michael Schoenfeld (hereinafter the defendant) upon the defendant's alleged default in making payments. The defendant moved pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against him on the grounds that the six-year statute of limitations had expired and that the court lacked personal jurisdiction over him, as service of process was made, in effect, in violation of General Business Law § 13. The plaintiff opposed the motion. By order dated November 29, 2017, the Supreme Court denied the motion. The defendant appeals.
"[A]n action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" must be commenced within six years (CPLR 213[4]). With respect to a mortgage payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due unless the mortgage debt is accelerated (see Pagano v Smith, 201 AD2d 632, 633; Khoury v Alger, 174 AD2d 918, 919). "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835).
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 196). The defendant pointed to no evidence that the debt was accelerated prior to the filing of the complaint such that the statute of limitations on the entire debt began to run at some earlier date (see Bank of [*2]N.Y. Mellon v Celestin, 164 AD3d 733, 735; U.S. Bank, N.A. v Gordon, 158 AD3d 832, 836-837).
We also agree with the Supreme Court's determination denying that branch of the defendant's motion which sought dismissal of the complaint on the ground that service violated General Business Law § 13. The relevant language of that statute, which precludes the malicious service of process on Saturdays upon individuals who observe Saturday as a holy time (see General Business Law § 13), does not apply to the facts of this case, and, in any event, we agree with the court's determination that the defendant made no showing of malicious intent (see Chase Manhattan Bank v Powell, 111 Misc 2d 1011, 1013 [Sup Ct, Nassau County]; see generally JP Morgan Chase Bank, N.A. v Lilker, 153 AD3d 1243, 1245).
The defendant's remaining contention is raised for the first time on appeal and not properly before this Court (see Mei Yun Li v Qing He Xu, 38 AD3d 731, 732).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court