Cieri v Halton (2022 NY Slip Op 05656)

Cieri v Halton

2022 NY Slip Op 05656

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 101673/19 Appeal No. 16395 Case No. 2021-04584 

[*1]Jeannine M. Cieri, et al., Plaintiffs-Appellants,
v
Yonah Halton, et al., Defendants-Respondents.

Jeannine M. Cieri and Sophia M. Cieri, appellants pro se.
Todd Rothenberg, New Rochelle, for Yonah Halton, respondent.
Hertz, Cherson & Rosenthal, P.C., Forest Hills (Jeffrey M. Steinitz of counsel), for Yaaron LLC, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered May 5, 2021, which denied plaintiffs' motion for a default judgment against defendants for failure to answer the complaint and granted defendants' cross motions to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.
The court correctly concluded that it lacked personal jurisdiction over defendant Yonah Halton, as service of process upon him was effectuated in violation of General Business Law (GBL) § 13 (see JPMorgan Chase Bank, N.A. v Lilker, 153 AD3d 1243, 1244 [2d Dept 2017]). Service was effected during the Jewish Sabbath, after sundown on a Friday (see Hirsch v Ben Zvi, 184 Misc 2d 946, 947 [Civ Ct, Kings County 2000]), and Halton met his burden of demonstrating malicious intent (see JPMorgan Chase Bank, 153 AD3d at 1245; Matter of Kushner, 200 AD2d 1, 2 [1st Dept 1994], appeal dismissed 85 NY2d 856 [1995]). Plaintiffs failed to rebut Halton's showing of malice.
Personal jurisdiction was also lacking as to defendant Yaaron LLC. Even assuming Halton was authorized to accept service on its behalf (see CPLR 311-a [a]), service was in violation of GBL § 13.
In view of the foregoing, we need not consider the parties' remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022