**Kapitus Servicing, Inc. v Southern Source, Inc.**

2025 NY Slip Op 32319(U)

June 30, 2025

Supreme Court, New York County

Docket Number: Index No. 653066/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                PART                    14

                                                                    *Justice*

---------------------------------------------------------------------------------X

KAPITUS SERVICING, INC. f/k/a COLONIAL
FUNDING NETWORK, INC. as servicing provider
for CORE BUSINESS FINANCE

                                    Plaintiff,

                        - v -

SOUTHERN SOURCE, INC.
d/b/a SOUTHERN SOURCE
and HERBERT LOEBL,

                                    Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653066/2020 |
| MOTION DATE | 06/20/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30,
31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                    VACATE - JUDGMENT                    .

Defendants' motion to vacate the default judgment entered against it and plaintiff's cross-

motion are decided as described below.

**Background**

In this action concerning a factoring agreement, this Court granted plaintiff a default

judgment against defendants in the amount of $89,275.00 in a decision dated July 19, 2021.

Plaintiff alleges that defendant agreed to send over 15% of the weekly receivables collected by

the corporate defendant and that defendants stopped making these deposits in July 2016. It

contends that the parties reached a settlement in August 2016 but that defendants failed to make

the required settlement payments or cure their default after plaintiff sent written notices.

Defendant Loebl signed a personal guaranty for the aforementioned agreement.

Defendants now move to vacate on the ground that service of process was improper. They argue that defendant Loebl is Jewish and service was improperly effectuated on Shabbat. Defendants contend that there was a mezuzah on his doorpost that should have indicated to the process server that he should not attempt service. Defendants also contend that the agreement contains an interest rate in violation of criminal usury statutes, that it lacked a true reconciliation process and complains that it makes bankruptcy an event of default triggering liability under the personal guaranty portion of the agreement.

In opposition, plaintiff emphasizes that the affidavits of service show that its process server personally served defendant Loebl and there was no indication that he was observing the Sabbath at the time service was effectuated. Plaintiff also claims it also sent additional notices of this action on December 7, 2020. It insists that defendant's strategy to wait nearly five years to appear in this action despite receiving notice is prejudicial as they have been unable to locate the process server or the notary. Plaintiff stresses that defendants admit they received service and did not seek any relief until now. It also adds that defendants failed to raise a meritorious defense as these types of agreements are not loans and, therefore, not subject to usury laws. Plaintiff disputes defendants' contention that only plaintiff could seek reconciliation and, in the alternative, seeks time to serve defendants.

In reply, defendants contend that this action is jurisdictionally defective because plaintiff cannot locate the process server or the notary.

**Discussion**

The Court's analysis begins with the affidavits of service (NYSCEF Doc. No. 15). In these affidavits, plaintiff's process server contends that he served Mr. Loebl personally in his capacity as an individual defendant and for the corporate defendant.

**653066/2020   KAPITUS SERVICING, INC. vs. SOUTHERN SOURCE, INC.**
**Motion No.  002**

Page 2 of 5

2 of 5

[* 2]

Mr. Loebl contends, in an affirmation submitted in connection with this motion, that "On October 24, 2020, a process server served me with process for this action, both for myself and for Southern" (NYSCEF Doc. No. 27, ¶ 5). He adds that "The server should have been aware that I was Jewish and observing the Sabbath because I have a mezuzah on the doorpost of the entrance of my home, where I was served" (*id*. ¶ 6).

This affirmation makes clear that Mr. Loebl admits he received service of process as described in the affidavits of service and knew about this case many years ago. The question, then, is whether defendants cited any caselaw for the proposition that service under these circumstances is invalid. The only case defendants point to in their moving papers is a Civil Court case, *Hirsch v Ben Zvi*, 184 Misc 2d 946, 712 NYS2d 238 [Civ Ct Kings County 2000]). But, in this Court's view, that case is wholly inapposite. In *Hirsch,* the Court observed that it was undisputed that defendant observed Shabbat and it was also undisputed that plaintiff knew that; the plaintiff also observed Shabbat. In fact, the issue in *Hirsch* involved a dispute as to the date of service.

Here, there is no dispute about the date of service or whether Mr. Loebl actually received the commencing papers. Instead, the issue is whether or not the process server knew about Mr. Loebl's religious observance and whether he served him anyway in spite of that knowledge. That intent, referred to as malicious intent, derives from General Business Law § 13, which provides that "Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor."

[* 3]

As explained by a Supreme Court opinion that considered an identical predecessor statute, "It has been held that this statute, by implication, voids the service of process on a person who keeps Saturday as a holy time, *but only when made with malicious intent*. 'Malice', in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act done intentionally without just cause or excuse" (*Jewish Ctr. of Baldwin v Winer*, 216 NYS2d 153, 154 [Sup Ct, Nassau County 1961] [emphasis in original]).

Defendants wholly failed to meet their burden to show that plaintiff exhibited the requisite malice required to void process of service. A mezuzah on the door usually means the resident is Jewish but it does not mean that the person is necessarily Sabbath observer. Here, defendants did not point to any proof that plaintiff knew that Mr. Loebl observed Shabbat and, therefore, that plaintiff should refrain from attempting service during that time. Moreover, Mr. Loebl failed to include any indication that he told the process server he was observing the Sabbath and could not accept service that day. Of course, had Mr. Loebl informed the process server that he could not accept service and the process server attempted to effectuate service anyway, it would have supported his claim of malicious intent. Simply put, there is nothing submitted on this record to show that plaintiff or the process server knew about and then purposely ignored Mr. Loebl's religious observance.

Moreover, as plaintiff points out, defendants failed to adequately explain why they did not promptly seek to dismiss this case after service was effectuated in October 2020. Defendants clearly knew about this case and yet they did not raise this service argument until years after plaintiff entered judgment.

**653066/2020   KAPITUS SERVICING, INC. vs. SOUTHERN SOURCE, INC.**
  **Motion No.  002**

**Page 4 of 5**

[* 4]

To the extent that defendant complains about the lack of a certificate of conformity, the Court observes that that it is not a fatal defect and can be overlooked (*Citimortgage, Inc. v Zagoory*, 198 AD3d 715, 717 [2d Dept 2021]).

As defendants have not raised a reasonable excuse for not timely answering or moving after being served with process, the Court need not address whether or not they have a meritorious defense.

Accordingly, it is hereby

ORDERED that defendants' motion to vacate is denied.

| 6/30/2025 | | ARLENE P. BLUTH, J.S.C. |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653066/2020   KAPITUS SERVICING, INC. vs. SOUTHERN SOURCE, INC.**
**Motion No.  002**

**Page 5 of 5**

5 of 5