309 W. 109th St. Corp. v Davidson (2025 NY Slip Op 52025(U))

[*1]

309 W. 109th St. Corp. v Davidson

2025 NY Slip Op 52025(U)

Decided on December 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

571264/25

309 West 109th Street Corp., Plaintiff-Respondent,
againstDaniel Davidson, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York County (Allison R. Greenfield, J.), dated June 4, 2025, denying defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8).

Per Curiam.
Order (Allison R. Greenfield, J.), dated June 4, 2025, reversed, with $10 costs, and defendant's motion granted to the extent of remanding the matter for a traverse hearing, and further proceedings consistent with the determination rendered after such hearing.
Plaintiff's properly executed affidavit of service constituted prima facie evidence of proper service of the summons and complaint upon defendant (see General Ins. v Leandre, 224 AD3d 427, 428 [2024]). The process server's attempts to serve defendant personally on five different dates and times over the course of approximately two months, satisfied the due diligence requirement of CPLR 308 (4), so as to permit affix and mail service (see Brafman & Assoc., P.C. v Balkany, 190 AD3d 453 [2021]).
Defendant's conclusory contentions that the affixation portion of the service was made on Yom Kippur and the Sabbath, despite plaintiff's "prior knowledge of [his] "religious observances" (see General Business Law § 13; Cieri v Halton, 209 AD3d 461 [2022]; JPMorgan Chase Bank, N.A. v Lilker, 153 AD3d 1243, 1244-1245 [2017]), is insufficient to raise an issue of fact. In addition to being conclusory, the claim is not raised in defendant's moving affirmation, but in a memorandum of law that was neither sworn to nor affirmed under the penalty of perjury. Thus, the statement was not in admissible form and insufficient to raise an issue of fact (see Zawatski v Cheektowaga-Maryvale Union Free Sch. Dist., 261 AD2d 860, 860 [1999], lv denied 94 NY2d 754 [1999]). Defendant's attempt to cure the deficiency with new facts raised for the first time in his reply affirmation was improper (see Root v Brotmann, 41 [*2]AD3d 247 [2007]; Hirsh v Continental Stock Transfer & Trust Co., 203 AD2d 102 [1994]).
However, defendant's claim that the summons and complaint were not affixed to his door, but left near the building's intercom sufficiently refuted the process server's affidavit and raised an issue of fact requiring a traverse hearing (see Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 886-887 [2013]; Norwest Bank Minnesota v Galasso, 275 AD2d 400, 400-401 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: December 17, 2025